## ST. LOUIS SOUTHWESTERN RAILWAY COMPANY v. PAT STONECYPHER.

### Decided May 4, 1901.

**1.—Railroads—Accident at Crossing—Brakeman—Pleading.**

Where plaintiff had driven up near a railroad crossing, and a brakeman on a train which had just cleared the crossing and stopped, signaled plaintiff to cross over, plaintiff was warranted in relying on such invitation and attempting then to cross. See opinion for allegations held sufficiently full to show liability on the part of the railway company in such case.

**2.—Damages for Personal Injuries—Doctors' Bills—Pleadings.**

In an action of damages for personal injuries, including doctors' bills incurred for medical treatment, it is not necessary that plaintiff's petition allege the time and place at which such medical services were rendered, as in an action on account brought for the value of such services.

**3.—Same—Loss of Time—Double Recovery.**

Where plaintiff alleged his lost time to be worth $150 per month, aggregating $385, for which he asked judgment, and also that the injuries had diminished his capacity to labor and earn money, and that his loss of time and personal injuries had damaged him in the sum of $10,000, for which he prayed recovery, the petition was not subject to exception on the ground that he claimed damages twice for the loss of time.

**4.—Same—Evidence of General Reputation Warranted.**

Where defendant offered proof that plaintiff, who was a witness in the case, had been indicted for perjury, this was a direct attack upon his truth and veracity such as warranted evidence in rebuttal to show that his reputation was good in that respect.

**5.—Charge—Clause Not Ignoring Other Sections.**

Where a clause of the court's charge instructed the jury that if they should find that the action of defendant's servants in charge of a train causing it to back on the crossing was negligent under the circumstances, and that but for such negligence plaintiff would not have been injured, then they should find for plaintiff, unless they should find for defendant "under the instruction hereinafter given," this was not misleading as tending to induce the jury to understand that they could return a verdict for plaintiff independent of what followed in the other paragraphs.

**6.—Same—Acts Causing Injury Need Not Be Willful.**

The court properly refused a charge to the effect that plaintiff could not

recover by reason of his team becoming frightened, unless the act of defendant's. servants which caused the team to become frightened were wantonly and will- fully done.

**7.—Same—Contributory Negligence—Mistaking Signals.**

It was a question for the jury whether or not the defendant's brakeman. signaled plaintiff to cross the track; and if he intended to signal for the engi- neer only, it was still a question of fact as to whether the operators of the. train acted with ordinary care, and whether plaintiff was guilty of contributory negligence under the circumstances. See opinion for charge held sufficient on. this phase of the case.

Appeal from Hunt.   Tried below before Hon. L. A. Clark.

*E. B. Perkins* and *Perkins, Gilbert & Perkins,* for appellant.

*Evans & Elder,* for appellee.

RAINEY, CHIEF JUSTICE.—Appellee sued to recover damages for personal injuries alleged to have been caused by the negligence of appel- lant on June 27, 1900, at the crossing of a public street over appellant's. track in the city of Greenville, by the backing of train and freight cars, and in frightening his team after a signal had been given to appellee by an employe of appellant to drive over said crossing.   The trial resulted in a verdict and judgment for appellee from which this appeal is prose- cuted.

The first and tenth assignments of error are grouped, and are as fol-- lows:

"1.   The court erred in overruling defendant's general exception to· plaintiff's petition, for the following reasons:   Because no cause of action is shown therein for the following reasons:   (a)  In that it does. not allege that the persons said to have invited plaintiff to drive across. the track were in the discharge of their ordinary duties in extending said invitation; (b) because it is not alleged that the persons so extending said invitation were acting within the apparent scope of their authority;. (c) because it is not alleged therein that defendant was in any way responsible or bound for the acts of the persons extending such invita- tion; (d) because it is not alleged therein that plaintiff in driving across. at the time he did, relied upon such invitation; (e) because it is not. alleged therein that plaintiff believed it was safe to drive across the track at the time he did; (f) because it was not alleged therein that plaintiff was misled by such invitation; (g) because the petition does not show that defendant was liable for the alleged damages.

"10.   The court erred in the same paragraph of his charge referred to· in the ninth assignment beginning with the use of the following lan- guage:  'If you further find from the evidence that after said train had cleared said crossing, one of defendant's brakeman on said train invited the plaintiff to drive his team and wagon across said crossing, and that. the plaintiff, after being so invited, started to drive across said crossing,' because (a) the same is not made to depend upon the question of whether

the brakeman, in extending the invitation, was acting either within the scope of his authority or within the apparent scope of his authority; (b) or that the act of the brakeman in extending such invitation was the act of the defendant."

Plaintiff's petition alleges that Houston street was a main thoroughfare in the city of Greenville, dedicated to public use, etc.; that many people passed along it daily; that it crossed appellant's track in the city of Greenville, and that it is daily used in reaching the residence and business portions of the city by the public, which were well known to appellant; that plaintiff was driving a gentle team, and that when within about thirty feet of appellant's track a freight train, operated by its agents and servants, passed the crossing going west; that appellant stopped his team near the track; that when said train had passed the crossing and cleared the street that the same was stopped, and that the agents and servants in charge of said train invited the plaintiff to drive his team across the said crossing; that plaintiff started his team for the purpose of crossing the track, and that when in the act of stepping thereon, those operating the train, with knowledge of plaintiff's situation and intention to cross, or by the exercise of ordinary care could have known these facts, negligently and carelessly, without giving any notice of the train's approach, and without giving any signal required by law, suddenly backed said train into said street and onto plaintiff's mules, at a rapid and dangerous rate of speed, and making a loud noise, frightening plaintiff's team, and causing same to back and turn suddenly to the right, etc., which caused his injuries.

The allegations of plaintiff's petition were sufficiently full to show liability on the part of appellant and authorize a recovery by plaintiff, if true. The court did not err in overruling the general demurrer, nor do we find any error in the paragraph of the court's charge here complained of.

The evidence shows that the plaintiff was traveling along the street toward the crossing, and that when he came near the railroad there was a train pulling up to the crossing, and he stopped the team that he was driving to the wagon. The wagon and team were owned by one Isam, with whom plaintiff was traveling. It was a four-mule team, and when they stopped, Isam took off his two front mules, because he was afraid of the train, and tied them to the rear of the wagon. When the train cleared the crossing plaintiff drove the wagon up fifteen or twenty yards, when one of the employes operating the train beckoned him to come ahead. He started to drive over said crossing, and about the time his team reached the main track, and before they stepped thereon, the agents and servants of defendant in charge of said train took knowledge of plaintiff's situation and suddenly backed said train into said street in front of plaintiff's team, and the movement of said train and the noise thereof caused plaintiff's team to become frightened, etc.

While the evidence conflicted as to whether or not one of the employes

operating said train beckoned plaintiff to drive across, it is sufficient to support the jury's finding that plaintiff was invited to cross by one of defendant's employes, and the evidence authorized the court to give the instructions complained of. The employe who gave the invitation to cross being engaged in assisting in the operation of the train, warranted the plaintiff in relying upon said invitation and to act thereon in attempting to drive across.

The second assignment of error complains of the action of the trial court in overruling defendant's special exception to that part of plaintiff's petition which is as follows: "He was compelled to and had incurred an expense of $100 for doctor's bill and medical treatment for his said injuries as follows: Dr. C. M. Cook, $40; Dr. P. A. Peak, $60; total, $100; that amount charged by each of the physicians is a reasonable charge for said services." The exception to said allegation was that it did not give the date and place at which said alleged services were rendered. We see no error in the overruling of said exception. The plaintiff was suing for the amount that defendant had caused him to pay for doctor's bills and medical treatment, and it was not incumbent upon him to more specifically set out his claim. He was not suing on an account where he had performed services at different times and places, but was suing for an amount that he was compelled to pay by reason of defendant's negligence. The case would have been different had the doctor been suing to recover the amount of his bill. In such case it would have been necessary for him to have itemized his account. The court in its charge to the jury did not authorize the jury to consider doctor's bills; and if there is merit in plaintiff's exception, the effect of the court's charge was to render his action in overruling the exception harmless.

The third assignment of error is as follows: "The court erred in overruling defendant's second special exception to plaintiff's petition, which exception is as follows: 'Because the second and third items of damage set forth in said petition are for the same items of damage stated only in a different way, and the third item includes the second, thereby pleading the same twice,' because the second item of damage set up in plaintiff's petition was based on the allegation that he had been unable to perform [work] since injured, and that the time lost was reasonably worth $150 per month, aggregating $385, and the third item claimed that the injuries had affected plaintiff's physical and mental system, so as to diminish his capacity to labor and earn money, and alleged that the loss of time and permanent injuries suffered by plaintiff had damaged him in the sum of $10,000, and then he prayed for judgment for the $10,000, adding thereto the $385 contained in the second item, and the $100 set forth in the first item, aggregating $10,485, because the effect of said pleading was to claim $385 for loss of time up to the time of the trial, and also including in the item of $10,000 damages the loss of time, thereby claiming the $385 as a separate item, and

then claiming damages for the same facts in the item of $10,000."
Defendant's exception in this particular, in our opinion, was not well
taken and the court did not err in overruling it.

Appellant groups his sixth and eighth assignments of error, and
they are considered together: "6. Because the court erred in allow-
ing plaintiff's witness, Dr. Cook, to answer over defendant's objection,
as shown by bill of exceptions number 5, the following question: 'Do
you know Stonecypher's reputation for truth and veracity?' to which
witness was permitted to answer, 'Yes, sir.' And the witness was then
asked, namely: 'I will ask you, then, whether that reputation is good
or bad,' to which last question he was permitted to answer, 'His name is
good any where, so far as I know.' Because said questions and answers
thereto were immaterial and irrelevant, in that Stonecypher's reputa-
tion for truth and veracity was not put in issue by the pleading or the
evidence." "8. The court erred in permitting the witness Tom Robin-
son to answer, over the objections of the defendant, the following ques-
tions as shown by bill of exceptions number 7, namely: 'Do you know
the general reputation of the plaintiff in the community in which he
lives for truth and veracity?' and was permitted to answer thereto that
he did, and that it was good, because said question and answer were
immaterial and irrelevant in this, that the general reputation for truth
and veracity of the plaintiff were not put in issue by the pleadings and
the evidence."

On the trial of the case defendant proved that the plaintiff had been
indicted for perjury, and this, in our opinion, was a direct attack upon
his truth and veracity and authorized the evidence complained of. It
will be noted from the bill of exceptions in regard to the witness Dr.
Cook, and the explanation of the court in approving the same, that
objections were made only to the question propounded to the witness as
to plaintiff's reputation for truth and veracity, and that no mention was
made to exclude his answer to such interrogatory. We conclude, there-
fore, that said assignments are not well taken.

The following paragraph of the court's charge is complained of,
to wit: "And if you further find that the action of the defendant's
servants in charge of said train in causing the same to back on said cross-
ing (if they did so) was, under the circumstances, an act of negligence
as that term is above defined, and that but for such negligence plaintiff
would not have been injured, then you will find for plaintiff, unless you
find for defendant under the instructions hereinafter given." The ob-
jection urged to this charge is, "that the same was calculated to mislead
the jury and lead them to believe they might return a verdict for the
plaintiff based on this paragraph of the charge, independent of what
follows in the next paragraph."

We are of opinion that this contention is not well founded, because
in said paragraph the court instructed the jury to look to following por-
tions of the charge in reaching a verdict, and in the following portions
the court properly charged the jury the defendant's theory of the case.

which, if believed by the jury, would not have entitled plaintiff to a recovery. There is no merit in appellant's contention.

Appellant asked a charge to the effect that plaintiff could not recover by reason of his team becoming frightened at the train unless they believed from the evidence the acts of defendant's employes which caused the team to become frightened were wantonly and willfully done. This charge was properly refused. The defendant's servants were bound under the circumstances to use ordinary care to prevent the frightening of plaintiff's team, and if they failed to use such care, and plaintiff was not guilty of contributory negligence, he was entitled to recover for the injuries he sustained.

Appellant's twelfth assignment of error is as follows: "The court erred in refusing to give charge number 4, asked by defendant, which in effect directed the jury that defendant's servants were under no obligation to plaintiff to take precautions to avoid frightening his team, until they had discovered or been apprised of the fact that the team had become frightened, and that then they would only be required to avoid unnecessary noise which would be calculated to further frighten said team, because, under the issue presented by the pleading and the evidence, the question as to whether any unusual noises were made in operating the train after it was apparent that plaintiff's team had become frightened was immaterial." There was no error in the court's refusing the charge requested. It was the duty of appellant's employes to use ordinary care in operating the train to avoid injury to those who attempted to cross, and under the facts of this case the court properly instructed the jury as to the duty of appellant's employes. We think the special charge was not applicable to the facts.

The thirteenth assignment of error is as follows: "The court erred in refusing to give charge number 5, asked by defendant, which in effect told the jury that if they believed that plaintiff, with the knowledge that his team was likely to be frightened, carelessly and negligently attempted to act upon a signal given by an employe of the defendant to the engineer, and negligently and carelessly failed to inquire whether said signal was intended for him, etc., then they should find for the defendant, because the same was a correct application of the law and the facts to the issues made by the pleadings and evidence in this case. The undisputed evidence shows that after defendant's employes had run the train across the street where plaintiff and his team were standing, and that defendant's brakeman, who stopped on the crossing, gave a signal with his hand, which he intended to be a signal to the engineer to back the train, and which the engineer so understood and acted on, and which plaintiff mistook to be a signal for him to drive over the crossing, which phase of the case is nowhere made by the charge given to the jury."

Whether or not appellant's employe signaled plaintiff to cross the track was a question of fact for the jury to determine. On that issue the court charged the jury at the request of the defendant as follows: "But if you believe from the evidence that said employe of defendant could

not in fact notify plaintiff to cross the track, but that said employe made a signal to the engineer which the plaintiff mistook for an invitation to cross the track, and that by reason of said mistake plaintiff drove so near to defendant's track that his team was frightened by the backing of the train, and if you further believe that the employes of the defendant in charge of the said train did not know that the plaintiff had misunderstood the signal, and were therefore not apprised of the plaintiff's danger, the plaintiff can not recover, and you should find for the defendant."

This charge was as favorable to the defendant as it was entitled to have given. Even if the employe who gave the signal only intended it for the engineer, it was still a question of fact for the jury as to whether the operatives acted with ordinary care, and whether the plaintiff was guilty of contributory negligence under the circumstances. We are of the opinion that the requested charge was properly refused.

We conclude that all the material allegations of plaintiff's petition were established by the evidence, and that plaintiff is not guilty of contributory negligence. The judgment is therefore affirmed.

*Affirmed.*