GALVESTON, HARRISBURG & SAN ANTONIO RAILWAY COMPANY v. ALVARO ROTH.

Decided January 11, 1905.

**1.—Assumed Risk—Charge.**

Where a charge instructed that "one who enters the employment of a railroad company assumes all the risks that are ordinarily incident to the business, but does not assume any risks that may be brought about by the company's negligence, unless he knows the same," the omission to add the further clause, "or in the ordinary discharge of his own duty must necessarily have acquired the knowledge," was not reversible error in the absence of request for a charge including the more extended definition.

**2.—Fellow Servants—Vice Principal.**

Where an engineer had charge of an engine used by a railroad company in removing an obstruction from a well, and of the other employes engaged in that work, he was a vice-principal as to them, although, at the time in question, he may have been engaged with them in doing a part of the common work. Following Railway v. Howard, 97 Texas, 513.

**3.—Negligence—Pleading and Charge.**

Where the petition alleged negligence generally in the given act, and the charge specifically submitted negligence in the act with reference to the testimony on the subject, this was proper, and not inconsistent with the allegation.

**4.—Pleading and Charge—Value of Lost Time.**

An allegation of what plaintiff was earning per month in defendant's employ when hurt was substantially an allegation of the value of his time, and warranted, if proved, the submission to the jury of that item of damage.

**5.—Charge—Refusing Request for.**

A requested charge is properly refused where it is embodied, with only an immaterial change of verbiage, in the instructions already given.

Appeal from the District Court of El Paso. Tried below before Hon. J. M. Goggin.

*Baker, Botts, Parker & Garwood* and *Beall & Kemp,* for appellant.— 1. An employe not only assumes the risks and dangers arising from the master's negligence, of which he has actual knowledge, but he assumes them "when, in the ordinary discharge of his own duty, he must necessarily have acquired the knowledge." Missouri, K. & T. Ry. Co. v. Hannig, 91 Texas, 351; International & G. N. Ry. Co. v. Shaughnessy, 81 S. W. Rep., 1027; San Antonio & A. P. Ry. Co. v. Waller, 65 S. W. Rep., 211.

2. If a workman charged in some directions with the duty of superintendence does the negligent act complained of, not as superintendent, but in his capacity of fellow-servant to the plaintiff, the master will not be liable for such negligent act. Under the evidence, the engineer, Smith, came within this rule, and it was error to give the charge complained of. Gulf, C. & S. F. Ry. Co. v. Howard, 97 Texas, 513, 80 S. W. Rep., 229; Consumers' Cotton Oil Co. v. Jonte, 80 S. W. Rep., 850; Texas C. Ry. Co. v. Frazier, 90 Texas, 37; Culpepper v. International & G. N. Ry. Co., 90 Texas, 634; Illinois Cent. Ry. Co. v. Bolton, 9 Am. & Eng. Ry. Cas., N. S., 869; Flippin v. Kimball, 11 Am. & Eng. Ry. Cas., N. S., 261; Reed v. Stockmeyer, 74 Fed. Rep., 191; Briegal v. Southern Pac. Ry. Co., 98 Fed. Rep., 962.

3. As the negligence alleged in plaintiff's petition consisted in Smith's shutting off the throttle of the engine, or unclutching the hoist, without warning to the plaintiff, the court was not warranted in submitting to the jury, as an element of negligence in shutting off of the throttle, without first opening the back valve or back pressure valve—an issue not made by the pleadings. Equitable Life Ins. Co. v. Hazlewood, 75 Texas, 348; Railway Co. v. Scott, 27 S. W. Rep., 827; Texas & Pac. Ry. Co. v. Hightower, 33 S. W. Rep., 542; Blashfield Instruc. to Juries, sec. 84.

*Patterson & Buckler,* for appellee.—1. The charge as to assumed risk

was a correct, although a general, statement of the rule. Railway v. Engelhorn, 62 S. W. Rep., 562; Railway v. Hannig, 91 Texas, 347.

2. The appellee and J. E. Smith were not fellow-servants, and the court did not err in telling the jury, in the charge, that Smith was the appellant's vice-principal, and not a fellow-servant of the appellee. Rev. Stats., art. 4560f; Roberts v. Salt Works, 72 S. W. Rep., 618; Sweeney v. Railroad, 84 Texas, 436; Railroad v. Williams, 75 Texas, 4; Railroad v. Reed, 88 Texas, 446; Culpepper v. Railroad, 90 Texas, 634.

3. The court correctly charged the jury that plaintiff could recover the reasonable value of his time lost. Railway v. Crum, 81 S. W. Rep., 72; Railway v. Watson (Ind.), 70 N. E. Rep., 993.

A general allegation as to what plaintiff was earning is sufficient as an allegation of the value of his time lost. Electric Co. v. Murry, 74 S. W. Rep., 52. In the case of Railway v. Skidmore (65 S. W. Rep., 215), decided by this court, there was no allegation of the value of time lost, or of the decreased value of the plaintiff's ability to earn money, and yet the court held that evidence of the value of a female house servant was admissible.

Damage for future and permanent effect of injuries can be recovered under the general allegation of damages, and need not be specifically pleaded. Railway v. Weigers, 54 S. W. Rep., 910, 22 Texas Civ. App. 344.

JAMES, Chief Justice.—Plaintiff alleged that he was engaged at Knox station, in guiding a pipe which worked inside the casing of a well. A chisel was attached to the end of the pipe, and the purpose was to cut out or remove an obstruction in the well. Plaintiff had fastened a pair of tongs to the pipe, and by the use of the tongs it was the duty of plaintiff to twist the pipe and turn it slightly as each stroke was made by the chisel or drill. The strokes were made by the engineer raising the pipe about three or four feet, and then, by the use and operation of the engine, it would be allowed to drop. That, at the time of the accident complained of, and without any notice to plaintiff, the said engineer, Smith, negligently caused or allowed the engine to raise the pipe to the height of about twenty feet, and forced plaintiff to let go the pipe tongs, and negligently, and without notice or warning to plaintiff, shut off the throttle of the engine, or unclutched the hoist, and allowed the pipe, pipe tongs, chains and apparatus to fall and strike plaintiff.

Further, said hoisting engine was in a bad and defective condition, the clutch of same was out of order, and, at the time of said accident, the throttle of said engine and a back valve were being used to raise and drop the pipe, instead of the brake; that the brake was also in a bad and defective condition, and said brake and clutch, being in a defective condition, so that the same could not be used together, the engineer was using the throttle and back valve; that it was negligence on the part of defendant and of said engineer to raise said pipe, or to allow it to be raised, by means of said engine, twenty feet, without notifying plaintiff of his intention to do so, and it was negligence to shut off the throttle, and unclutch said hoist, and cause said pipe to fall, without giving plaintiff an opportunity to get out of the way of the fall of said pipe and tongs, and by reason of said negligence plaintiff was injured. The

petition alleged that Smith, the engineer, had control of the work and of the employes engaged in this work, and had superintendence over him.

The answer was a general denial, and alleged the relation of fellow-servant, assumed risk and contributory negligence. The verdict recovered by plaintiff was for $10,500.

The court charged: "One who enters the employment of a railroad company assumes all the risks that are ordinarily incident to the business, but he does not assume any risks that may be brought about by the company's negligence unless he knows the same." The first assignment of error is that there should have been added to this the words, "or, in the ordinary discharge of his own duty, must necessarily have acquired the knowledge." The very point has been passed on by this court in Railway v. Engelhorn, 62 S. W. Rep., 562; Railway v. Davis, 80 S. W. Rep., 253. Had appellant asked for a more elaborate charge, to include the more extended definition, it might have been different.

The second assignment complains of the court's charging the jury that Smith—the engineer—was defendant's vice-principal, and not the fellow-servant of plaintiff. It is not contended that the court should, under the evidence, have left the issue to the jury, but the contention is that the instructions should have been that they were fellow-servants. Appellant's point will be exactly stated by giving the proposition advanced in the brief: "If a workman charged in some directions with the duty of superintendence does the negligent act complained of, not as superintendent, but in the capacity of fellow-servant to the plaintiff, the master will not be liable for such negligent act." The ninth assignment complains of the refusal of a charge that they were fellow-servants. Under this the proposition is: "Under the undisputed evidence in this case, plaintiff and J. E. Smith were performing manual labor under a common employment, at the same time and place, and were working to a common purpose, to wit, the purpose and object of removing an obstruction in the casing of the well. Smith was running the engine, and plaintiff was attending to the cutting or chiseling apparatus; they were not doing the work of railroad hands or employes proper, and were fellow-servants of each other."

We regard the case of Railway v. Howard (97 Texas, 513, 80 S. W. Rep., 229) as deciding the question. The evidence was that Smith was superintendent of this work—had control of it and of the employes engaged therein, and as to them he was defendant's vice-principal, and did not sustain as to them the relation of fellow-servant, although he may have been engaged with them in prosecuting the common work. (See also Roberts v. Salt Works, 72 S. W. Rep., 618.)

The third assignment alleges that the court submitted different negligence from that alleged. The court submitted the case only upon the form of negligence mentioned in the statement of plaintiff's petition, viz., that of the engineer, and eliminated any matter of negligence concerning the defective condition of the engine. The petition alleged that the engineer negligently shut off the throttle of the engine . . . and allowed the pipe to fall upon plaintiff. It must be noted that the petition does not specify wherein such negligence consisted; that is, it does not state what was the act done or omitted. In these circumstances it was the function of the evidence to develop this.

The charge submitted the issue thus: "If you believe that Smith caused, or allowed, said hoisting engine to hoist said pipe to too great a height, and, without notice or warning to plaintiff, shut off the throttle of the engine without first opening the back valve or back pressure valve, . . . and that it was negligence on his part to have so closed the throttle before opening the back or back pressure valve," etc.

The petition alleged negligence generally in the act, and the charge submitted negligence in the act with reference to the testimony on the subject, which was eminently proper, and not at all inconsistent with the allegation. Appellant makes no reference whatever in its brief to the testimony, but we have examined the testimony enough to show us that the issue as submitted was made by the evidence. This discussion disposes also of the fifth assignment of error.

The sixth assignment alleges error in instructing the jury that, in estimating plaintiff's damages, if any, they "should allow him the reasonable value of the time so lost by him, if any," when his petition did not allege the reasonable value of his lost time. The petition alleged that at the time of his injury he was a sound, able-bodied man, and was earning about $100 per month; that his injury worked a total disability to earn money by physical labor; that he lost all his time up to the filing of his amended pleading, etc. The allegations, if proved, were such as to authorize a finding that his injuries were permanent and involved future loss of time. The allegation of what plaintiff was earning (in defendant's employ), when hurt, was substantially an allegation of the value of his time, and we think there is nothing in this assignment.

The seventh is that the court erred in not giving the following charge: "If the jury believe from the evidence that, at the time of plaintiff's injury, if he was injured, the engineer, Smith, was operating his engine with such care and prudence as a man of ordinary care would have done under like circumstances, and that plaintiff sustained his said injuries as the result of a mere accident, your verdict will be for defendant."

The court did rather better for defendant than this request, when it told them that if Smith was exercising such care and prudence as a person of ordinary prudence would have exercised under like circumstances, to find for defendant. The same applies to the. eleventh assignment. Neither of these complaints would be available to appellant in any event, because the same idea or matter was substantially embodied in requested charge number four, which the court gave.

The tenth assignment of error is not a proposition in itself, and can not be entertained. However, substantially everything embodied in this request is found in the charge.

The twelfth and thirteenth assignments are overruled, in view of our conclusions of fact from this record, which are: that Smith was vice-principal as to plaintiff, and not a fellow-servant; that he received his injury through negligence of Smith; that plaintiff did not assume the risk of the danger which led to his injury; that he sustained injuries for which the sum found by the jury was not unreasonable compensation, and that he was not guilty of contributory negligence.

Writ of error refused.                                    *Affirmed.*