GULF, C. & S. F. RY. CO. v. SCRIPTURE et al.   (No. 8968.)

(Court of Civil Appeals of Texas. Ft. Worth. Jan. 18, 1919. On Motion for Rehearing, March 8, 1919.)

1. INDEMNITY &8—CONSTRUCTION OF CONTRACT—NEGLIGENCE.

Where railroad and sleeping car company make an agreement whereby latter agrees to indemnify former against all liability for injuries from the acts or omissions, whether negligent or wrongful or otherwise, of the employés of the latter, the former was entitled to recover over against the latter for judgment recovered against it because of omissions of employés of latter, regardless of whether such omissions constituted negligence.

2. APPEAL AND ERROR &1062(1)—REVIEW—HARMLESS ERROR—SUBMISSION OF ISSUE.

In action for injury to alighting passenger, submission of issue without evidence to sustain it whether grounds were sufficiently lighted to render it reasonably safe to alight from train was harmless, where there was undisputed evidence that railroad was negligent in starting train without first ascertaining if passenger had safely alighted.

3. APPEAL AND ERROR &1062(1)—REVIEW—HARMLESS ERROR—SUBMISSION OF ISSUE.

In action for injuries to alighting passenger, the submission of question whether railroad was negligent in failing to provide a reasonably safe place for the passenger to alight, without evidence sufficient to make question issuable, was harmless, where railroad's negligence in starting train without ascertaining if passenger had safely alighted was established without controversy.

4. DAMAGES &145 — PERSONAL INJURY — PLEADING—DIMINISHED EARNING CAPACITY.

In personal injury action, petition, describing injuries and alleging that, "By reason thereof the plaintiff has been rendered unable to follow his said business, and permanently injuries," to his damages, etc., held to justify recovery of damages for diminished earning capacity; the word "injuries" being a typographical error which was not misleading.

5. APPEAL AND ERROR &1173(1)—DISPOSITION—REVERSAL IN PART.

In action against railroad and sleeping car company, in which the railroad asks for judgment over against sleeping car company in case

judgment is recovered against it, where there was judgment for plaintiff against railroad and for sleeping car company as to railroad's plea over, court on appeal therefrom by railroad, where the only errors disclosed are those affecting issue between railroad and sleeping car company, will affirm the judgment in favor of plaintiff against railroad and reverse and remand the judgment as to the issue between railroad and sleeping car company, in view of rule 62a (149 S. W. x).

Appeal from District Court, Denton County; C. F. Spencer, Judge.

Suit by John B. Scripture against the Gulf, Colorado & Santa Fé Railway Company and the Pullman Company, in which the defendant Gulf, Colorado & Santa Fé Railway Company pleaded that, if judgment should be recovered against it, it have judgment over against defendant Pullman Company. Judgment for plaintiff against the Railway Company and for the Pullman Company as to the Railway's plea over, and the defendant Railway Company appeals. Affirmed in part and reversed and remanded in part.

Lee, Lomax & Smith, of Ft. Worth, Terry, Cavin & Mills, of Galveston, and H. R. Wilson, of Denton, for appellant.

Etheredge, McCormick & Bromberg, of Dallas, for appellee Pullman Co.

Owsley & Alcom, of Denton, for appellee Scripture.

BUCK, J. John B. Scripture sued the appellant Railway Company and the Pullman Company for alleged injuries sustained at Krum, Tex., on the night of April 24, 1916, while plaintiff, a passenger upon the Pullman car, was disembarking. Plaintiff charged negligence on the part of both defendants in failing to give him a reasonable opportunity to alight safely from said car; in failing to have sufficient light on the platform of said car; in failing to stop the train at Krum a sufficient length of time to enable plaintiff to safely disembark; in failing to have sufficient light on the ground or platform upon which plaintiff landed; in failing to assist plaintiff to alight; in failing to place the box upon which plaintiff was to step securely fixed on the ground; in failing to have the ground where the box was placed reasonably level and smooth, so that the box placed thereon would not overturn, etc. Defendant railway company set up various defenses, and further pleaded that if any judgment should be recovered against it that it have judgment over against the Pullman Company.

Before or during the trial plaintiff dismissed his action against the Pullman Company, and judgment was recovered for him against the Railway Company in the sum of $5,000 damages for personal injuries, and $325 for doctor and drug bills, and in favor of the Pullman Company as to the defendant's plea over. The Railway Company has appealed.

The appellant has presented a brief containing 20 assignments of error, some directed to alleged errors affecting issues between it and the plaintiff, and others complaining of alleged errors as to the issues between the defendant and the Pullman Company. As the appellant has devoted most of its brief to the latter group of assignments, we will first consider them.

The defendant Railway Company pleaded that there was a contract existing between it and the Pullman Company by virtue of which the Pullman Company was to provide its own employés and servants for the collection of fares charged for the sleeper, and for the services of receiving and discharging passengers from said cars, and that by the terms of said contract the Pullman Company had agreed to indemnify and save harmless the Railway Company against all liability and claims for injuries to persons arising from the acts or omissions, whether negligent or wrongful or otherwise, of the employés of the Pullman Company in the line of their employment. It further alleged that, if it were true that plaintiff sustained the injuries alleged by him as the result of the failure to afford him a reasonable opportunity to safely alight from said sleeping car and train at Krum, or because of insufficient light on the platform or at the place he attempted to get off the car, or because a sufficient time was not allowed him to alight from the car, etc., said acts of negligence, if any, were the acts of the Pullman Company's employés, and that the Railway Company was entitled to a judgment against the Pullman Company for any recovery had against it. The evidence tends to establish the following state of facts: Plaintiff boarded appellant's train at Ft. Worth on the night of April 24th, for the purpose of going to Krum, having purchased a ticket before boarding the train, and paying the Pullman fare on the train. The train stopped at Krum one minute, as testified to by the railway conductor. When it reached the station, and after it had stopped, the Pullman porter notified the plaintiff, who was in the smoker of the Pullman or in the aisle of the car and walking towards the door opening onto the platform from which he was to alight. Before the plaintiff descended the steps, or as he was doing so, the conductor cried, "All aboard." The railway porter and the brakeman on the ground near the steps of the parlor car answered, "All right here." The train started with a slight jerk as plaintiff's foot reached the last step and as he was preparing to step onto the box which had been placed under and in front of the Pullman car steps. As he stepped onto the box it turned over, and plaintiff fell prone on the ground and on

top of the box, with his arm on the rail under the car. The Pullman porter jerked him out from under the car and raised him to a standing position, and then ran to overtake the train, which was moving. The conductor and brakeman of the train did not know that any accident had happened until the train had gotten some distance from Krum. When plaintiff attempted to stand, his leg gave way, and he fell again to the ground. Persons at the station ran to his assistance, placed him on a door, and carried him to a nearby drug store, where he received medical attention.

The evidence was that his injuries were serious, consisting, in part, of a fracture of the patella of his left leg and the bruising and injuring of his left hip and shoulder. Appellant's conductor, Wyman, testified: That he knew at the time, or before the train stopped, that there was a passenger in the Pullman car for Krum; that the train conductor is supposed to stop the train at the station, and if the passenger on the Pullman car has not gotten off when the warning, "All aboard," is given by the conductor, it is the duty of the Pullman employés to notify the train conductor to "Wait a minute." If all the Pullman passengers are off the cars the Pullman porter makes no reply. That on the night in question he did not hear the Pullman porter make any announcement that the passenger had not alighted, or any request to wait. That it was a dark night, and, while he could see the porter standing near the steps of the Pullman car, he did not see the passenger. That the brakeman was between him and the Pullman car, and the latter was there to discharge his duty as a railway brakeman, but that he was not in charge of the Pullman car. That he supposed if the brakeman had noticed that the passenger had not gotten off the train, he would have informed the witness of that fact, and asked him to wait. That when the brakeman and the Pullman porter answered, "All right here," he gave the signal for the train to start.

Section 12 of the contract between the Railway Company and the Pullman Company provides:

"The Pullman Company agrees to indemnify and save harmless the Railway Company against all liabilities and claims for loss or damage to or destruction of property and for injuries to persons or death as follows. * * * All claims and liabilities arising from the acts or omissions whether negligent or wrongful or otherwise, of employés of the Pullman Company in the line of their employment."

[1] The court, in charging upon the issues between the appellant and the Pullman Company, instructed the jury, in effect, that, if they should find that the injuries to plaintiff were caused by the negligent failure of the Pullman employés, and that such negligence was the proximate cause of plaintiff's injuries, the Railway Company would be entitled to judgment over against the Pullman Company for whatever sum they should find against the Railway Company. The Railway Company objected to this paragraph of the charge, on the ground that under it the jury were instructed that before they could find against the Pullman Company, as to appellant's plea over, they were required to find that said porter's acts or omissions, causing or contributing to cause the injuries, constituted negligence, while under the contract between the two companies the Pullman Company would be liable in the way of indemnification to the Railway Company if the plaintiff's injuries were caused by any acts or omissions in the line of the employment of the Pullman Company's employés, whether such acts or omissions were negligent or not. The appellant's fifteenth assignment is directed to this alleged error, and in its sixteenth assignment it complains of the failure of the court to submit a requested charge, in substance, that if the jury should find that plaintiff was injured, but that such injury was due to and proximately caused by the failure of the Pullman Company's porter to properly and safely place the foot box, or the failure, if any, of the Pullman Company to furnish sufficient light in the vestibule of its sleeping car from which plaintiff was alighting, or the failure, if any, of the said Pullman Company's employés in charge of such car to stop or request the stopping of, defendant's train until plaintiff could alight therefrom, the jury would find in favor of the Railway Company against said Pullman Company, whether said acts or omissions of the Pullman Company's employés were found to be negligent or wrongful or otherwise. We have come to the conclusion that this requested charge should have been given. The railway conductor testified:

"The negro porter never does say anything hardly; he had not given me any signal on this night. When I holloaed, 'All aboard,' it was his duty to notify me if the passenger was not off. * * * It is the duty of the Pullman employés to notify me when their passengers are not off; they never do notify me when they are all off."

None of the Pullman employés testified, nor is there any explanation given in the record as to why they did not testify. The evidence seems uncontradicted that the Pullman porter, at the time or before the train started, gave no notice to the train conductor that the plaintiff had not alighted. It is further in evidence that when plaintiff's foot stepped on the box it turned over, though the plaintiff testified that he thought the turning of the box was caused by the movement of the train and the pressure of his foot. There is a statement of the plaintiff in the record that the box was placed too

far under the steps. There is further evidence that at the landing place where plaintiff alighted there were large rocks, but that at the same time there was sufficient smooth ground for the box to be placed thereon in a secure position. It may be that if the charge requested had been given the jury would have found that the acts or omissions of the porter in the respects indicated, inducing and concurring with the negligence of appellant in starting the train at the time it did, caused, or contributed to cause, plaintiff's injuries, though they were unwilling to find that such acts or omissions were negligent. The Pullman Company had contracted with the ·Railway Company to indemnify it for any liability arising out of the acts or omissions of the former's employés in the line of their employment, irrespective of whether such acts or omissions were negligent or not. Judge Richard Coke said in Menard v. Sydnor, 29 Tex. 257, 262:

"As men bind themselves, so must they stand bound. When the terms of a contract are free from ambiguity, and not such as are against the policy of the law to enforce, they establish the rights of the parties in the subject-matter, which will be protected and enforced by the courts."

Therefore we sustain the sixteenth assignment, which will necessitate a reversal of the judgment as between the appellant and the Pullman Company.

There are objections urged by the Pullman Company to the consideration of various assignments, but we do not think such objections are well taken. We do not think that the court would have been justified in instructing the jury to peremptorily find in favor of appellant and over against the Pullman Company for any judgment obtained by plaintiff, and hence overrule the first and second assignments.

[2] We think the negligence of the appellant in starting the train at the time it did, without first learning whether the Pullman passenger had .alighted, was established without controversy, and, therefore, the third and fourth assignments, complaining of the seventh paragraph of the court's charge, wherein the jury were permitted to find, under the conditions there stated, that the defendant was liable for and on account of the failure to have the premises and grounds sufficiently lighted to render it reasonably safe to so alight, are overruled, without the determination of whether there was sufficient testimony to make issuable the question of the defendant's negligence in respect to having the grounds lighted.

[3] For the same reason we overrule the fifth and sixth assignments, directed to the alleged error of the .court in submitting to the jury the question of whether the defendant was guilty of negligence in failing to provide a reasonably safe place for plaintiff to alight.

[4] The ninth assignment complains of the submission in the charge of the question of plaintiff's diminished capacity to labor and earn money in the future because, as claimed, there was no basis in the petition for the recovery of damages of this character. The petition alleged that—

Prior to the injuries "plaintiff was an ablebodied, healthy, young man, of the age of 25 years, and was engaged in the stock and cattle business, and was able to earn $1,000 per year, but that by reason of the carelessness and negligence of the defendants, as aforesaid, the injuries above mentioned were inflicted upon him, a portion of said injuries being the breaking of the patella, or kneecap, and by reason thereof the plaintiff has been rendered unable to follow his said business, and permanently injuries," to his damage, etc.

Evidently the word "injuries" was a typographical error, and the word "injured" was intended, and no one reading the paragraph .could be misled as to the intention of the pleader to allege that permanent injuries were inflicted, and that in the future plaintiff would suffer from the breaking of his patella or kneecap. The character of the injuries alleged is such that more or less incapacity to labor, considering plaintiff's occupation, would follow. Though the allegations upon this issue are not as specific and detailed as they might properly be, yet we think they are sufficient to justify the admission of the testimony as to future injuries, and the submission of a charge thereon, if such testimony was introduced, which the record discloses to be the case.

Without attempting to discuss each of the other assignments separately, it is sufficient to say that we have carefully considered them and find no reversible error, and that they are therefore overruled.

[5] As we have concluded that the issues between the appellant and the Pullman Company on the one hand and the appellant and the plaintiff on the other are separable, and that no injustice will be done any party involved by a reversal and remanding as to that part of the case affecting appellant and the Pullman Company and the affirmance of the judgment below in favor of the plaintiff, and that the error disclosed affects only the issues between the two companies, it is the judgment of this court that the judgment below be affirmed, in so far as is the issue between the plaintiff and the Railway Company are concerned, and that the judgment be reversed and remanded as to the issue between the Pullman Company and the Railway Company. See rule 62a (149 S. W. x).

Affirmed in part and reversed and remanded in part.

## On Motion for Rehearing.

The appellant, Gulf, Colorado & Santa Fé Railway Company, and the appellee Pullman Company have each filed a motion for re-

hearing. We have carefully examined appellant's motion, and do not find any reason to change the conclusions heretofore reached as to the issues between it and the plaintiff; therefore we overrule appellant's motion for rehearing.

In appellee Pullman Company's motion it is urged that the trial court was authorized to refuse the special charge requested, to the refusal of which the sixteenth assignment is leveled. A portion of the requested instruction is as follows:

"Now, therefore, if you believe that plaintiff was injured, but that such injury was due to and proximately caused by the failure, if any, of the Pullman Company's porter to properly and safely place the foot box, or the failure, if any, of the Pullman Company to furnish sufficient light in the vestibule of its sleeping car from which plaintiff was alighting, or failure, if any, of said Pullman Company's employés in charge of such car to stop or request the 'stopping of defendant's train until plaintiff could alight therefrom; and if you further believe that the omissions, if any, of said Pullman Company employés in the respects here stated were in line of their employment—you will find in favor of said Gulf, Colorado & Santa Fé Railway Company against said Pullman Company for the amount of the verdict, if any, you may return in plaintiff's favor and against said Railway Company."

It is urged that the uncontradicted evidence establishes the sufficiency of the light in the vestibule of the Pullman Company's car to enable the plaintiff, as a passenger, to alight from said car with safety; that, therefore, the trial court was authorized to decline to give to the jury an instruction submitting an issue which the evidence failed to raise. In Olds Motor Works v. Churchill, 175 S. W. 787, in discussing the sufficiency of an assignment to call the attention of the trial court to an error in the charge given, whether such error be one of mere omission or a positive misapplication of law, it is said:

"With reference to this matter, we believe the rule to be that when the court fails to charge on a material issue, and a special charge is requested, though incorrect, but sufficient to call the court's attention to the omission, the court should submit a proper instruction on that issue; and, if proper exception is taken to such failure of the court, and a separate assignment is presented, both in the motion for new trial in the court below and in appellant's brief, he may successfully urge the error of omission in the appellate court. But when the court has submitted a correct general presentation of the issue, if either party desires a fuller charge on that issue, he must tender to the court a correct charge, and, upon his failure to do so, he cannot avail himself of the * * * omission"—citing authorities.

But can it be reasonably said that the charge given in the instant case, and to the giving of which the fifteenth assignment is directed, is correct as far as it goes, and that any error is merely one of omission? If defendant Railway Company was entitled to the presentation of the defense of the terms of that provision in the contract between it and the Pullman Company, such defense did not in any sense depend on the question of negligence of the Pullman Company's employés in causing, or contributing to cause, the injury to plaintiff, but was entirely independent of the question of negligence. If the Railway Company had the right to enforce the contract of indemnity according to its terms—and no question is here raised as to such right—we are of the opinion that it was positive error to limit such right to indemnity to a showing of negligence on the part of the Pullman Company.

The court in its main charge, and following the instruction challenged in the fifteenth assignment, instructed the jury that the burden of proof was on the Railway Company, as between it and the Pullman Company, to show facts by a preponderance of evidence which entitled the Railway Company to have a judgment over against the Pullman Company, and if it had failed so to do the jury would find in favor of the Pullman Company upon that issue. This instruction placed the burden of proof on the Railway Company, before it would be entitled to a judgment over against the Pullman Company to establish negligence on the part of the Pullman Company's employés proximately causing, or contributing to cause, the injury to plaintiff. This last instruction, taken in connection with the former instruction, makes the charge, as a whole, an affirmative error against appellant. Hence we overrule appellee Pullman Company's motion for rehearing.