## FARMERS' & MECHANICS' NAT. BANK v. MARSHALL.   (No. 11885.)

Court of Civil Appeals of Texas.   Fort Worth.
Dec. 10, 1927.

Rehearing Denied Feb. 11, 1928.

**1. Damages** ⬅143—Overruling exception to allegation that injury resulted in inflammation and soreness in sciatic nerve too vague held not error, in view of other allegations.

In personal injury action, overruling special exception to plaintiff's allegation as being too vague and indefinite, allegation being that alleged injury resulted in inflammation and soreness in the sciatic nerve, *held,* not error, in view of other allegations of petition specifically describing the injuries.

**2. Damages** ⬅143—Overruling exception to allegation that plaintiff was forced to undergo operations for lacerations of cervix and perineum as too indefinite held not error, in view of other allegations describing injuries.

In personal injury action overruling special exception to plaintiff's allegation as being too vague and indefinite, allegation being that because of plaintiff's injuries she was forced to undergo operations for lacerations of the cervix and perineum, *held,* not error, in view of fact that at other places in petition the injuries were specifically described.

**3. Damages** ⬅148—Overruling exception to claim for medicines, hospital bills, and treatment because not itemized held not reversible error.

In personal injury action, overruling defendant's special exception to plaintiff's claim for medicines, hospital bills, and treatment by physician, on the ground that those expenses were not itemized, *held* not reversible error.

**4. Damages** ⬅145—Overruling exception to allegation that personal injuries permanently impaired plaintiff's ability to earn living held not error, where petition minutely detailed injuries.

In personal injury action, overruling defendant's exception to plaintiff's allegation that plaintiff's injuries permanently impaired her ability to earn her living *held,* not error, where at other places in the petition the injuries were set out minutely.

**5. Trial** ⬅352(5)—Issue held not erroneous as assuming plaintiff was leaving elevator when injured, where testimony thereon was uncontradicted.

In personal injury action against bank for plaintiff's injuries by negligent operation of defendant's passenger elevator, charges submitting issues as to defendant's employee's moving elevator while plaintiff was leaving, and charge relative to employee's suddenly closing elevator door so as to catch plaintiff's foot, *held,* not erroneous as assuming plaintiff was leaving elevator when injured, where testimony of such fact was uncontradicted.

**6. Trial** ⬅352(5)—Issue in action for personal injury from improper operation of elevator held not multifarious for double inquiry whether elevator was moved and whether moved suddenly.

In action against bank for personal injury allegedly sustained by plaintiff by negligent operation of defendant's passenger elevator, charge submitting issue relative to defendant's employee suddenly moving the elevator up while plaintiff was leaving it, and charge submitting issue as to door's being closed, catching plaintiff's foot, *held,* not multifarious as a double inquiry whether the elevator was moved at all and whether it was moved suddenly.

**7. Appeal and error** ⬅231(1)—General objections to submission of issues held insufficient on appeal.

On appeal from judgment in personal injury action, general objections to the submission of issues *held,* insufficient.

**8. Appeal and error** ⬅231(1)—Objection to issue that it was "too broad and too general" held too indefinite to be considered.

In personal injury action, objection to an issue that it was "too broad and too general" *held,* too indefinite for reviewing court's consideration.

**9. Trial** ⬅233(3)—It is error to refer jury to issues of fact alleged in petition and allow them to determine whether such facts have been established, if no sustaining evidence was introduced.

It is error for the trial court to refer the jury to issues of fact alleged in the petition and allow them to determine whether or not such facts have been established, if no evidence has been introduced to sustain some of those issues of fact.

**10. Appeal and error** ⬅901—Burden is on appellant alleging error to make showing thereof.

The burden is on appellant alleging error to make a showing thereof.

**11. Damages** ⬅216(1), 221—Trial ⬅194(20) —Issue and instructions as to compensatory damages for personal injury held not subject to objection that it was on weight of evidence, leading, suggestive, too general, not confined to pleading, misleading, confusing, and allowed double recovery.

In personal injury action, special issue, together with accompanying instructions, relative to what amount of money, if paid at such time, would reasonably compensate for injuries, *held,* not subject to objection that it was on the weight of evidence, leading, suggestive, too general, not confined to pleadings, misleading, confusing, and that it allowed a double recovery.

### On Motion for Rehearing.

**12. Trial** ⬅233(3)—Evidence in personal injury action held sufficient to permit court's referring jury to petition and requiring them to determine whether plaintiff sustained injuries alleged therein.

Evidence in personal injury action *held,* sufficient to permit court's referring jury to petition

and requiring them to determine whether plaintiff had sustained such injuries as were alleged therein.

**13. Appeal and error ⊕=231(1)—Objection to issue because it "was on weight of evidence" held not entitled to consideration.**

Objection, in personal injury action, to special issues submitted, on ground that "the same is on the weight of the evidence," and because the same is leading and suggestive, *held,* not sufficiently definite to point out to the trial judge the alleged vice and thus afford him an opportunity to submit that issue in a different form; hence, was an objection not entitled to consideration.

Appeal from District Court, Tarrant County; R. E. L. Roy, Judge.

Suit by Mary Lou Marshall against the Farmers' & Mechanics' National Bank. Judgment for plaintiff, and defendant appeals. Affirmed.

Marvin H. Brown and Mayer, Rowe & Brown, all of Fort Worth, for appellant.

Phillips, Brown & Morris, of Fort Worth, for appellee.

DUNKLIN, J. The Farmers' & Mechanics' National Bank has appealed from a judgment rendered in favor of Mary Lou Marshall for damages as the result of personal injuries alleged to have been sustained by her while alighting from a passenger elevator operated by the defendant in its bank building in the city of Fort Worth for the use of its tenants and the public.

According to allegations in plaintiff's petition, on October 29, 1925, she entered the elevator for the purpose of going to the twenty-second floor of the building, and when she reached that floor and while alighting from the elevator, after the same had stopped in order to permit her so to do, and after she had stepped from the same with her right foot to the floor of the building, defendant's employee in charge of the operation of the elevator negligently and suddenly closed the door, in consequence of which plaintiff's left foot was caught between the door and one of the sides of the elevator, and she was thereby caused to fall against the floor and wall of the building and to sustain bodily injuries, for which she sought a recovery.

According to further allegations in the petition, as the result of her fall, plaintiff suffered a severe nervous shock and sustained bruises and wounds in both hips, both arms, and the muscles of her back were so torn and mashed as to cause pains in her back, soreness in her abdomen, and inflammation and soreness in the sciatic nerve; and she has sustained great physical and mental suffering as a result of her injuries, which she averred are permanent; and she was forced to incur the following expenses for treatment for her injuries, to wit, $657 for services of a physician, $296 for hospital services, and $35 for medicines. The sum of $25,000 was claimed for said expenses, physical and mental suffering, loss of time from work, and permanent impairment of ability to labor.

[1, 2] While the alleged result of injury to the sciatic nerve, and the further allegation that plaintiff was forced to undergo two operations for lacerations of the cervix and perineum, may be somewhat indefinite, yet in view of other allegations specifically describing the injuries, there was no reversible error in overruling appellant's special exceptions thereto, on the ground that they were too vague and indefinite.

[3] We do not believe there was any reversible error in the action of the court in overruling defendant's special exception to the plaintiff's claim for medicines, hospital bills, and treatment by a physician, on the ground that those expenses were not itemized, although the rule would be different in a suit instituted against the plaintiff for accounts for such items. M., K. & T. Ry. Co. v. Simmons, 12 Tex. Civ. App. 500, 33 S. W. 1096; St. L. S. W. Ry. Co. v. Stonecypher, 25 Tex. Civ. App. 569, 63 S. W. 946.

[4] Nor was there error in overruling another special exception to the allegation in plaintiff's petition "that because of said injuries her ability to work and earn a livelihood has been permanently impaired and reduced"; the ground for the exception being that those allegations were too general and indefinite to show a proper measure of damages, and were mere conclusions of the pleader without allegation of sufficient facts upon which to base such conclusions. As noted already, the kind and character of the injuries alleged to have been sustained were minutely and specifically set out in the petition, and the proof of such injuries would furnish sufficient data from which the jury could properly estimate the measure of damages. I. & G. N. Ry. Co. v. Cruseturner, 44 Tex. Civ. App. 181, 98 S. W. 423; G. C. & S. F. Ry. Co. v. Scripture (Tex. Civ. App.) 210 S. W. 269; G. H. & S. A. Ry. Co. v. Roth, 37 Tex. Civ. App. 610, 84 S. W. 1112; El Paso S. W. Ry. Co. v. Barrett, 46 Tex. Civ. App. 14, 101 S. W. 1025, 121 S. W. 570.

[5, 6] In plaintiff's pleadings, negligence in three separate particulars was alleged as the proximate cause of her injuries and as the basis for her recovery. Those issues were submitted to the jury in the court's charge as follows:

"Issue No. 1. While the plaintiff was leaving the elevator of the defendant do you find from the evidence in this case that the defendant, through its agent and employee, suddenly moved the elevator up?"

"Issue No. 4. While the plaintiff was leaving said elevator do you find from the evidence in this case that the employee or agent of the de-

---

fendant suddenly closed the door to said elevator in such a way as that plaintiff's left foot was caught therein, as alleged in plaintiff's petition?"

"Issue No. 7.  Did the defendant on the date of the alleged injuries have said elevator equipped so that said elevator could be moved upward or downward before the door to the same was fully closed?"

The jury returned findings in favor of plaintiff on all of those issues, and in answer to other issues further found that each of such acts of defendant was negligence, which was the proximate cause of plaintiff's injuries.

Before the charge was given to the jury, appellant objected to the submission of all of those issues in the form submitted, including the issues of negligence and of proximate cause for plaintiff's injuries, on the ground that they were leading, suggestive, and on the weight of the evidence.  The objections to issues 1 and 4, and the respective issues of negligence in connection therewith, as given, were on the ground that the same assumed that the plaintiff was leaving the elevator when the alleged accident occurred, and that while so doing the employee suddenly started the same, and on the further ground that they were multifarious, in that they included the double inquiry: (1) Whether or not the elevator was moved at all; and (2) whether it was moved suddenly.  Assignments of error embodying all of those exceptions to the charge are overruled.

[7] The testimony of plaintiff that the accident occurred while she was leaving the elevator was not contradicted, and, although it came from the plaintiff herself, it was corroborated by the testimony, in a measure, of other disinterested witnesses on the same floor of the building who rendered assistance to plaintiff for her injuries immediately after the accident.  Furthermore, we do not believe that those issues were subject to the objection as being multifarious, in that there was an absence of any testimony to show that the elevator was not moved at all and the gist of plaintiff's contention relative to the moving of the elevator being its sudden movement.  Furthermore, the objection to the submission of those issues were in general terms without pointing out to the trial judge in what particulars the instructions were leading and on the weight of the evidence, and thus giving him an opportunity to remove those objections.  Isbell v. Lennox (Tex. Civ. App.) 224 S. W. 524; Hart Bros. & Hamm v. Angus (Tex. Civ. App.) 225 S. W. 813; Schaff v. Lynn (Tex. Civ. App.) 238 S. W. 1034; Isbell v. Lennox (Tex. Sup.) 295 S. W. 920.

[8] Appellant also objected to issue No. 7 because "same is too broad and too general." That objection was likewise too indefinite and was insufficient to give the trial judge an opportunity to so frame the issue as to remove any possible objection, although we have been unable to perceive any valid objection thereto. Testimony was introduced to show that an elevator could be so constructed as to render it impossible for one operating it for passenger service to move it up or down until the door was fully closed.  Evidence was also introduced to show that the elevator in question was so constructed that the operator could by inserting a match or stick in the lock put the fastenings in such condition that the car could be moved up or down at his will while the door is open.

Special issue No. 10, submitted to the jury, reads as follows:

"Do you find from the evidence that the plaintiff was injured as alleged in plaintiff's petition on the occasion in question?"

Objection was made to the submission of that issue as follows:

"Defendant objects and excepts to the giving of issue No. 10 because: (1) The same is on the weight of the evidence; and because (2) the same is leading and suggestive."

[9, 10] It is a familiar rule of decision that it is error for the trial court to refer the jury to issues of fact alleged in the petition and allow them to determine whether or not such facts have been established, if no evidence has been introduced to sustain some of those issues of fact.  However, in appellant's brief, under the assignment of error to the submission of that issue, there is no statement or attempt to show that there was an absence of proof of some of the injuries alleged in the petition, and that therefore the jury may have found injuries and allowed damages therefor which were not properly sustained by proof.  The burden is upon appellant alleging error to make a showing thereof, and the court is not required to examine the entire statement of facts to determine whether or not the submission of issue No. 10, probably worked injury to the appellant.

[11] Special issue No. 11, and the instructions given in connection therewith, read as follows:

"What amount of money, if any, if paid now in cash, do you find from the evidence in this case will reasonably compensate plaintiff for the injuries, if any, she received on the date of the accident in question?  In arriving at the amount of damages, if any, sustained by plaintiff you may take into consideration the evidence, if any, showing any time that plaintiff may have lost from labor up to the date of this trial as a direct result of such injuries, if any, and any mental or physical suffering, if any, endured by her by reason thereof, and allow such sum of money, if any, as if paid now in cash would fairly compensate her therefor.

"If you find from the evidence in this case that the plaintiff will, with reasonable certainty, suffer mental and physical pain in the future by reason of her injuries, if any, sustained by her on the occasion in question, and that the plaintiff's ability to earn money in the future has been diminished by reason of her injuries, if

any, as a direct and proximate result of the injuries, if any, she received on the occasion in question, you may also allow such sum of money, if any, as if paid now in cash would fairly compensate her therefor.

"You may also take into consideration in arriving at the amount of damages, if any, the plaintiff has sustained in doctors, hospital and medical bills, if any, reasonably incurred as a direct result of such injuries, if any, she has sustained on the occasion in question, making the total amount of damages, if any, so found by you your answer to question No. 11."

We do not believe that that issue and the instructions given in connection therewith are subject to the objections urged thereto by the defendant, to the effect that the same was on the weight of the evidence, leading and suggestive, too general, not confined to the pleadings and evidence in the case, misleading and confusing, and that it allows a double recovery. The issue and instructions so given seem to be in substantial accord with the usual and approved method of submitting the issue of damages in suits for personal injuries, such as the present. Furthermore, the objections were too indefinite. See authorities cited above.

Appellant further insists that there was no testimony tending to show that plaintiff's earning capacity in the future had been impaired. Without going into a recital of the testimony at length, we deem it sufficient to say that this contention of appellant is without merit, in view of the testimony of plaintiff and Dr. Bean, her attending physician, relative to the character of plaintiff's injuries.

Accordingly, all assignments of error are overruled, and the judgment is affirmed.

### On Motion for Rehearing.

By leave of court, appellant has filed a supplemental brief, in which evidence shown in the statement of facts has been pointed out to support propositions appearing in its original brief, assigning error to the form of special issues Nos. 10 and 11 submitted to the jury, as pointed out in opinion on original hearing. One of the grounds for overruling the assignments of error upon which those propositions were based was that they were not followed by any statement of facts from the record to support them, and we have considered the supplemental briefs with those omissions supplied from the same standpoint as if the statements now presented had been embodied in appellant's original brief.

[12] It is now insisted that the objection made by appellant at the time of the trial to special issue No. 10 submitted to the jury were sufficient to point out the alleged vice made the basis of the proposition, to the effect that in referring the jury to plaintiff's petition and requiring them to determine whether or not plaintiff sustained those injuries, instead of confining the inquiry to such injuries only as the evidence tended to prove, was error.

The allegations in plaintiff's petition describing the injuries and suffering therefrom, alleged to have been sustained by the plaintiff, abound in repetition, and we shall not undertake to set them out in full. We deem it sufficient to say that they embodied complaints of injuries to plaintiff's hips, arm, back, sciatic nerve, shock of nervous system, and as a result of all of which plaintiff sustained great physical suffering, and that she suffered abnormal menstruation and soreness in her abdomen, as a result of some of those injuries.

We have carefully reviewed the evidence shown in the statement of facts, and find that testimony was introduced sustaining all of those allegations in a general way, although perhaps lacking in some minor details. Appellant insists that there was no testimony to support the allegation that plaintiff's left arm was "lacerated," or that the muscles in her back were "torn" or "crushed in such a manner as to produce the derangement of her female organs," nor the allegation that the "ligaments in her left hip were torn and bruised," causing the "bones in the hip to become separated." There was testimony that the plaintiff's left arm was bruised, that she sustained injuries to her back, that her hip was injured, and that some of her injuries produced abnormal menstruation. And although there was no specific proof of a laceration of the arm, or of a tearing or crushing of the muscles in the back, or a tearing of the ligaments in the hip, or of the bones therein becoming separated, yet it is not reasonably probable that those allegations were considered by the jury in answering special issue No. 10.

[13] Furthermore, we do not believe that the objections made at the time of the trial, noted in our original opinion to special issue No. 10, were sufficiently definite to point out to the trial judge the alleged vice discussed above, and thus afford him an opportunity to submit that issue in a different form. Isbell v. Lennox (Tex. Civ. App.) 224 S. W. 524; Id. (Tex. Sup.) 295 S. W. 920, and other authorities cited in our original opinion.

The assignment to special issue No. 11, submitting the issue of measure of damages, has been again considered, and we adhere to the conclusions reached thereon in the original opinion.

Motion for rehearing is overruled.