WITT et al. v. YOUNG. (No. 5846.)

(Court of Civil Appeals of Texas. San Antonio.
April 19, 1917. Rehearing Denied
May 16, 1917.)

1. APPEAL AND ERROR ⚍230, 301—RESERVATION OF GROUNDS—INSTRUCTIONS.

Where no objections are urged against an
instruction when it is given, or on motion for
new trial, its propriety will not be considered
on appeal.

[Ed. Note.—For other cases, see Appeal and
Error, Cent. Dig. §§ 1743, 1753–1755; Trial,
Cent. Dig. § 680.]

2. BILLS AND NOTES ⚍489(1) — ACTIONS —
PLEADING.

In a suit on a note, where defendants' contention that the balance due represented the

amount of a note given for certain shares of stock sold by a private corporation contrary to law was denied by plaintiff, the pleadings justified the admission of testimony that the shares were purchased, not from the corporation, but from an individual to whom they had in good faith been sold by the corporation.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. § 1587.]

Appeal from Uvalde County Court; T. M. Milam, Judge.

Action by Harry Young against S. P. Witt and others on a promissory note. Judgment for plaintiff on special issues, and defendants appeal. Affirmed.

Martin & Martin and Jno. W. Hill, all of Uvalde, for appellants. L. Old and D. H. Jones, both of Uvalde, for appellee.

FLY, C. J. This is an appeal from a judgment on a promissory note for $923.75, based on the answers by a jury to special issues submitted by the court. Appellants, S. P. Witt, M. L. Witt, and P. C. Witt answered in the case that the balance due on the note was given for certain shares issued contrary to law, and that there was no consideration, and that the note had been assigned to appellee after maturity, in an irregular and improper way. The jury found against appellants on all the issues.

[1] The first assignment of error complains of a charge to the effect that, after appellee introduced the note in evidence, the burden was upon appellants to establish their defense by a preponderance of the evidence. We are not called upon to pass upon the propriety of the charge, as no objection was urged to it at the time it was given, nor even in the motion for new trial. The assignment does not present fundamental error.

[2] The contention of appellants was that the balance on the note upon which the suit is founded represented the amount of a note for $500 given for five shares in the Ranchman's Mercantile Company, a private corporation, and was therefore void. These allegations were denied by appellee, and in order to meet appellants' evidence that the shares were purchased from the corporation, appellee was permitted to show that the shares were purchased from an individual to whom they had, in good faith, been sold by the corporation. The pleadings were sufficient to justify the admission of such testimony, and the court did not err in presenting the issue to the jury. Buying the shares from the individual was not illegal, and proof of that fact was a defense to the answer of appellants. It was not in contravention of the statute for the individual to take notes in payment of the stock owned by him. Scheffel v. Smith, 169 S. W. 1131. The second and third assignments of error are overruled.

The fourth assignment of error is too general for consideration, but it may be stated anyway that the answers of the jury were in response to the facts, and the law sustains the judgment. There is nothing confusing or inconsistent about the answers of the jury.

The objections to the evidence of S. P. Witt as to his assumption of the note for $500 given by E. L. Witt & Sons are not tenable. The evidence had no tendency to confuse and divert the jury from the issues. The answers indicate that the jury were not diverted or confused. The assignment is not followed by a proper statement.

There is no merit in the sixth assignment of error. The court did not err in permitting appellee to testify that he bought the note for value and without notice of any vice in it. The seventh assignment of error is overruled.

The judgment is affirmed.