GRAVES v. HAYNES. (No. 9108.)

(Court of Civil Appeals of Texas. Ft. Worth. May 31, 1919. Rehearing Denied June 28, 1919.)

1. APPEAL AND ERROR ⇔1064(1)—HARMLESS ERROR—INSTRUCTIONS.

In an action against seller for losses resulting from cattle being diseased, defended on ground that defendant acted merely as plaintiff's agent, an instruction presenting such defense, if erroneous, for not stating that if defendant used his "best skill and care" to buy only sound cattle that fact would negative fraudulent misrepresentations, could not have misled the jury to defendant's injury.

2. APPEAL AND ERROR ⇔231(9)—OBJECTION TO INSTRUCTIONS BELOW.

Defendant appellant's failure to present a particular objection to a charge waives his right to urge such objection on appeal, and commits him to an approval of the language thereof so that he is in no position to complain of the refusal of a requested instruction drawn to cover the particular objection.

3. PRINCIPAL AND AGENT ⇔79(5) — SKILL AND JUDGMENT — FRAUDULENT MISREPRESENTATIONS BY AGENT TO PRINCIPAL—EVIDENCE.

In an action defended on the ground that defendant was merely plaintiff's agent in the purchase of cattle, held that there was evidence to support the jury's finding that defendant failed to use his best skill and judgment in purchasing only sound cattle, and that defendant induced plaintiff to purchase by fraudulent representations.

4. PRINCIPAL AND AGENT ⇔79(4)—FRAUDULENT MISREPRESENTATIONS BY AGENT TO PRINCIPAL—PLEADING.

Misrepresentations pleaded by plaintiff in an action against seller of unsound cattle, taken in connection with defendant's pleading that he was only an agent of plaintiff, held, under plaintiff's prayer for general relief, to entitle him to recovery upon the theory of fraudulent misrepresentations by defendant as plaintiff's agent.

5. PRINCIPAL AND AGENT ⇔71—MISREPRESENTATIONS — BELIEF THAT REPRESENTATIONS WERE TRUE.

Where plaintiff had known defendant for some time, had confidence in him, was assured by defendant that the cattle came from a safe country, and did not have the fever, and by such representations was induced to buy them not knowing them to be diseased, the defendant cannot, whether he be seller or plaintiff's agent, escape liability for such misrepresentations on the ground that he in good faith believed them to be true.

6. SALES ⇔7—RECEIPT OF COMMISSION NOT CONCLUSIVE EVIDENCE OF AGENCY.

The fact that a seller, misrepresenting diseased cattle as sound, realized his profits in the form of a commission, did not of itself necessarily show that he was handling the cattle merely as broker and agent for plaintiff.

Appeal from District Court, Tarrant County; R. E. L. Ray, Judge.

Action by Allen Haynes against Herbert N. Graves. Judgment for plaintiff, and defendant appeals. Affirmed.

Bryan, Stone & Wade and Moses & Rowe, all of Ft. Worth, for appellant.

David B. Trammell and Capps, Cantey, Hanger & Short, all of Ft. Worth, John L.

⇔For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Ward, of Tulsa, Okl., and J. H. Evetts, of Temple, for appellee.

DUNKLIN, J. Herbert Graves has appealed from a judgment rendered against him in favor of Allen Haynes. According to allegations in the petition of Haynes, he purchased from Graves a herd of 295 head of cattle upon his representation and warranty that they were sound and free from disease; but said representation was false, in that the cattle were then afflicted with what is commonly known as tick fever, and as a result of that disease 100 head died, and the market value of the remainder of the herd was depreciated in the sum of $20 per head.

Upon the trial of the case the evidence showed a transaction between plaintiff and defendant which resulted in the purchase of 295 head of cattle by Haynes, who then resided in Maxdale, Belton county, Tex. At the time of such transaction Graves resided in Ft. Worth, Tex., and was engaged in the business of cattle broker at the stock yards in North Ft. Worth. The principal issue between the parties upon the trial, which was presented by proper pleadings, was whether the purchase was from Graves himself or from other parties through Graves as plaintiff's agent; the plaintiff claiming that the purchase was from Graves, while defendant alleged that he was employed by plaintiff as his agent and as a broker to purchase the cattle, and that as said agent he purchased and delivered them to plaintiff, but never himself sold them to him.

[1] The trial judge in his charge to the jury, after submitting plaintiff's cause of action upon the theory that the purchase was from Graves, further submitted the defense of the latter that he would not be liable if he did not sell the cattle to the plaintiff, but purchased them as his agent, and in so doing "used his best skill and judgment" to the end that he would purchase only sound cattle, that is, cattle that were not afflicted with fever. But that portion of the charge concludes with the following qualification: "Unless you should find in favor of the plaintiff under some other portion of this charge." Immediately following that portion of the instruction the jury were told, in effect, that even though defendant in purchasing the cattle acted as agent of the plaintiff only, still he would be liable for any damages resulting from a diseased condition of the cattle if he failed to use his best skill and judgment to purchase only such as were free from disease, or if he fraudulently misrepresented to plaintiff that the cattle were sound, and thereby induced him to purchase them. Error has been assigned to the language quoted from the concluding part of the instruction presenting the defense to plaintiff's suit, the criticism being that if the defendant in buying the cattle acted only as the agent of the plaintiff, and used his best skill and judgment to buy sound cattle only, that fact would negative the existence of fraudulent misrepresentations. While perhaps the criticism is well founded, we do not believe it reasonable to suppose that the language criticised had the effect to mislead or confuse the jury to appellant's injury.

[2] It is further insisted that if defendant was acting as the agent of the plaintiff he would be liable only for a failure to exercise ordinary care to purchase cattle free from disease, and that the charge of the court in submitting that defense was erroneous, in that the jury were in effect told that it was defendant's duty, while acting as such agent, to use "his best skill and judgment" in buying the cattle. The language so used by the trial court was taken from the defendant's answer in the case, and in which he specially pleaded that in buying the cattle he was acting as agent for the plaintiff, and that he used "his best skill and judgment" to select only such as were free from disease. Appellant has also assigned error to the refusal of the court to give to the jury his requested instruction embodying the proposition substantially to the effect that if he bought the cattle as agent for plaintiff, and turned them over to him, and did not sell them to him, and if in purchasing them he exercised ordinary care to buy them free of disease, then he would not be liable.

The exception taken to the charge given by the court did not specifically present the point that it placed too high a degree of care. After referring to that language, the exception to the charge concludes as follows:

"Whereas, defendant is entitled to have a verdict in his favor if, in purchasing said cattle, he was acting as the agent of the plaintiff, especially as there is in the case no evidence raising the issue of his failure to use his best skill and judgment. * * *"

The failure of the defendant to present that particular objection to the court's charge was a waiver of his right to urge it upon this appeal, and commits him to the proposition that he approved that charge in so far as the use of that language is concerned. Having thus approved it, he is in no position to complain of the refusal of the requested instruction upon the same issue just referred to. Vernon's Sayles' Texas Civil Statutes, art. 2061; G., T. & W. Ry. Co. v. Dickey, 108 Tex. 126, 187 S. W. 184.

[3] Furthermore, we are unable to say, as contended by appellant, that there was no evidence which would warrant a finding by the jury that he failed to use his best skill and judgment in purchasing the cattle, and the further finding that his misrepresentations inducing plaintiff to purchase them were made fraudulently for that purpose. The evidence shows that the defendant was

an experienced cattle buyer, and, according to the plaintiff's testimony, when he (plaintiff) inspected the cattle before buying them he called defendant's attention to one of the cows that was lying down apparently unable to get up, and was assured by the defendant that the cow was all right. The evidence showed further that as soon as plaintiff purchased the cattle he shipped them to Killeen, and from that place drove them to his ranch about 15 miles distant, and as soon as they reached the ranch three of the cows showed symptoms of fever, and died within a week thereafter, and within one month after their arrival plaintiff lost on an average of one cow a day for the first 20 days, and about 50 head within the first three months, and a total of 101 head, all of which losses were caused by the fever.

[4] It is insisted, further, that there was no basis in plaintiff's pleadings for a recovery by reason of fraud and misrepresentations made by the defendant as plaintiff's agent: the contention being that the only theory presented by plaintiff's pleadings as a basis for recovery was that he purchased the cattle from the defendant and not from other persons through the defendant as his purchasing agent.

There were specific allegations in plaintiff's pleadings that he was induced to purchase the cattle by misrepresentations made to him by the defendant to the effect that the cattle were free of fever, and that such misrepresentations were fraudulently made, and damages were claimed by reason thereof, and the petition also contained a prayer for general relief. The issue of agency on the part of Graves was specially presented by him as a defense to the action. The misrepresentations so pleaded by the plaintiff, taken in connection with the fact of agency pleaded by the defendant would, under his prayer for general relief, entitle plaintiff to a recovery upon the theory of fraudulent misrepresentations by Graves as plaintiff's agent. Hence we are of the opinion that the alleged defect in plaintiff's petition as a basis for recovery upon the theory of fraudulent misrepresentations by defendant as his agent was cured by the facts pleaded by the defendant himself. Lyon v. Logan, 68 Tex. 521, 5 S. W. 72, 2 Am. St. Rep. 511; T. & N. O. Ry. Co. v. Miller, 60 Tex. Civ. App. 627, 128 S. W. 1165; Id., 221 U. S. 408, 31 Sup. Ct. 534, 55 L. Ed. 789; H. & T. C. Ry. Co. v. Fife, 147 S. W. 182; Willson v. Crawford, 61 Tex. Civ. App. 580, 130 S. W. 227; Harless v. Haile, 174 S. W. 1020.

[5] There was testimony to the effect that plaintiff himself was an experienced stock man, and before purchasing the cattle he, in company with Graves, went among and inspected them. In view of that testimony, the defendant requested an instruction to the jury, which was refused by the court, to the effect that if defendant in good faith believed that the cattle were sound and free from disease, and before accepting them plaintiff went among and inspected them for himself, then a verdict should be returned in favor of the defendant. According to the testimony of the plaintiff, he had known Graves for about 15 years, and had had numerous transactions with him, and had the utmost confidence in the truth of any statement that he might make to him. He further testified that before purchasing the cattle Graves assured him that they had come from a "safe" country, and that they were perfectly safe and sound; that he (Graves) would not sell plaintiff a cow that was not sound, and that he repeated those assurances. Plaintiff further testified that he did not know that the cattle had fever, and that he was induced to purchase them by the assurances given to him by Graves that they were sound. According to further evidence, plaintiff had never seen the cattle prior to the occasion when he inspected and bought them.

Under such circumstances, it cannot be said that Graves could escape liability for his misrepresentations which induced the plaintiff to purchase the cattle merely by the fact that he believed such misrepresentations to be true, and that before accepting the cattle plaintiff went among and inspected them for himself.

[6] Furthermore, with regard to the several assignments of error discussed above, we think it proper to observe that, according to repeated statements made by Graves in his testimony, he himself sold the cattle to the plaintiff. The cattle in controversy, together with others, had already been purchased by Graves, and were in a pasture near Ft. Worth when plaintiff, in response to a letter from the defendant, came to inspect them in order to determine whether or not he would accept them. After inspection he rejected several head from the herd, and the defendant testified repeatedly that those "cut-backs," as well as the rest, were his cattle. The fact that his profits arising from handling the cattle were realized in the form of a commission did not of itself necessarily show that he was handling the cattle merely as a broker and agent for the plaintiff. Kelly, Maus & Co. v. Sibley, 69 C. C. A. 674, 137 Fed. 586; Black v. Webb, 20 Ohio, 304, 55 Am. Dec. 456, 23 R. C. L. p. 1216; Mechem on Agency, §§ 44, 45, and 46. Furthermore the verdict returned by the jury strongly indicates a finding that the plaintiff purchased the cattle from Graves, thus rejecting the defense that plaintiff purchased them from other parties through Graves as his agent, since the verdict reads as follows:

"We, the jury, find a verdict in favor of plaintiff in the amount of $5,077.67 and interest on this amount at the rate of 6 per cent. per annum, dating from the time of purchase of

said cattle from the defendant to date of payment of above amount by the defendant to plaintiff."

Accordingly all of appellant's assignments are overruled and the judgment is affirmed.