ISBELL et al. v. LENNOX et al.    (No. 2302.)

(Court of Civil Appeals of Texas. Texarkana. July 8, 1920. Rehearing Denied Oct. 7, 1920.)

**1. Appeal and error ⊜⟹231(9)—General objection to instructions insufficient.**

A general objection to the instructions given by the court does not comply with the requirement of Vernon's Sayles' Ann. Civ. St. 1914, art. 1971, the purpose of which is to give the court an opportunity to correct instructions before they are given, and such objection not only does not entitle appellants to a consideration of the instructions, but does not give the appellate court the right to consider them.

**2. Trial ⊜⟹260(1)—Not error to refuse requests covered by charge so far as material.**

It was not error to refuse special requested charges where the issues they presented were, so far as they were material, sufficiently covered by the court's main charge.

**3. Waters and water courses ⊜⟹119(2)—Dam which discharges more surface water on adjoining land does not create liability.**

The fact that the dam constructed by defendants on their property and the ditch therefrom discharged more water and discharged it more rapidly on plaintiffs' land, over which the surface water from defendants' land naturally flowed, does not impose liability on plaintiffs.

**4. Appeal and error ⊜⟹215(1)—Party cannot complain of refusal of request inconsistent with charge to which he did not object.**

Appellant cannot complain of the refusal of special charges requested by him which were inconsistent with instructions given in the main charge, to which he interposed only a general objection insufficient to entitle him to a review of the charge.

Willson, C. J., dissenting in part.

Appeal from District Court, Red River County; J. A. Ward, Special Judge.

Action by G. W. Isbell and others against H. H. Lennox and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

This was a suit by appellants against appellees for damages they claimed they had suffered as a result, they charged, of the act of appellees in so diverting water from its natural course on their land as to cause same to flow upon and injure appellants' land. In their petition appellants alleged that the diversion was of surface water and of the waters of Boggy creek, a tributary of Lankford creek, by means of a dam and levee appellees constructed on their land to a point thereon near land adjoining it on the south which belonged to appellants. In their answer appellees admitted they constructed a dam across a prong of Boggy creek on their land, but denied that the effect of same and of the ditch they dug and levee they constructed was to divert the waters of said creek and water falling on their land so as to cause same to overflow appellants' land different from the way it had always overflowed same. Appellees alleged that appellants' land was the natural way for water falling on their (appellees') land and the overflow waters of Lankford, Boggy, and Pickett creeks to escape.

At the trial appellants adduced testimony tending to support the allegations in their petition, and appellees adduced testimony tending to support the allegations in their answer.

The appeal is from a judgment in appellees' favor in conformity to the verdict of a jury.

J. Q. Mahaffey, of Texarkana, and T. T. Thompson, of Clarksville, for appellants.

A. P. Parks, of Paris, and Lennox & Lennox, of Clarksville, for appellees.

WILLSON, C. J. (after stating the facts as above). [1] It appears from the record that appellants objected, but did not state the grounds of their objection, to certain instructions the trial court gave to the jury. A general objection is not a compliance with the requirement of the statute (article 1971, Vernon's Sayles' Civ. St. 1914) that objections a party has to instructions shall be presented to the court before such instructions are read to the jury. The plain purpose of the statute, said Chief Justice Phillips, in Walker v. Haley (Sup.) 214 S. W. 295—

"is to provide the court, in advance, with the objections to which the charge is deemed subject, so as to afford opportunity for its correction. * * * It is, in a word, to secure, as far as possible, the preparation and submission of a correct charge to the jury."

It is obvious that an objection which fails to particularly point out supposed defects in a charge would be of little, if any, aid toward the accomplishment of such purpose, and hence that a general objection was not the kind of an objection the members of the Legislature had in mind when they enacted the statute. It follows that appellants are not in a position different from that they would have been in had they not objected to the charge at all, and that, not only are they not entitled to have the assignments in their brief based on instructions given considered, but this court is without right to consider same. Waterman Lumber Co. v. Beatty, 218 S. W. 363; Railway Co. v. Dickey, 108 Tex. 126, 187 S. W. 184; Witt v. Young, 194 S. W. 1019; City of Ft. Worth v. Ashley, 197 S. W. 307; Ochoa v. Edwards, 189 S. W. 1022; Schaff v. Scoggin, 202 S. W. 758; Hendrick v. Lumber Co., 200 S. W. 171; Railway Co. v. Miller, 201 S. W. 1049.

The other assignments in appellants' brief are predicated on the action of the trial court in refusing their request to give to the jury the special charges numbered 1, 2, 3, and 4, set out in the record.

[2] It was not error to refuse the first and fourth of said special charges, because the issues they presented were, so far as they were material, sufficiently covered by the court's main charge.

[3, 4] The second and third of the charges, had they been given, would have told the jury to find for appellants if they believed the effect of the dam constructed by appellees across Boggy creek was to divert its waters and cause same to be discharged at the end of the ditch in "greater quantities and more rapidly," quoting from one of them, "than they had been previously discharged at said point, and that as a result the plaintiffs' land was caused to be overflowed more often or to a greater extent than had previously been the case," and further believed that an effect of such increase in the number and extent of overflows on appellants' land was to depreciate the market value thereof. A majority of the members of the court think that the fact alone, if it was a fact, that appellants' land, because of acts of appellees shown by the testimony, was overflowed to a greater extent, or more frequently, and its market value thereby depreciated, than it otherwise would have been, did not entitle them to recover damages of appellees, and therefore that it was not error to refuse the charges. The writer is of a contrary opinion, but will not discuss the question, as he agrees with the other members of the court that the assignments based on the refusal of the charges should be overruled on another ground, to wit, that the charges were not consistent with parts of the main charge appellants were in the attitude of not having objected to, in which the jury were told to find for appellees if they believed Boggy creek had lost its channel on their land, and that as a consequence thereof its waters had been so diverted as to flow southwest along a natural depression thereon, and further believed that the ditch appellees dug and the levee they constructed were in said depression, and that in digging the ditch and constructing the dam and levee they used due care, notwithstanding they also believed that the effect of the dam, ditch, and levee was to hasten the flow of the waters of said creek to a point on appellees' land near appellants', where same were discharged from such ditch "in greater quantities by reason of running faster, thereby" overflowing appellants' land.

While the rulings in Rabinowitz v. Smith Co., 190 S. W. 197, Brewster v. City of Forney, 196 S. W. 636, and perhaps other cases, may be to the contrary, we think the better reasons are with the cases which hold that a party who has not objected to the main charge to the jury has no right to complain of the refusal of the court to give a requested special charge inconsistent with or contradictory of the main charge. City of Ft. Worth v. Ashley, 197 S. W. 307, and cases there cited; Steele Co. v. Dover, 170 S. W. 809; Roberts v. Car Co., 188 S. W. 257; Graves v. Haynes, 214 S. W. 665.

The judgment is affirmed.