# JUNE, 1927

### G. W. ISBELL ET AL. V. H. H. LENNOX ET AL.

No. 3551.   Decided June 4, 1927.

(295 S. W., 920).

**1.—Charge of Court—Objection—Stating Grounds.**

The objection to the charge of the court required by the statute (Rev. Stats., 1911, Art. 1971; Rev. Stats., 1925, Art. 2185) must point out to the court the error therein complained of. Simply noting that a specified paragraph of the charge was objected to is insufficient to require error therein to be revised on appeal.   (Pp. 524-526).

**2.—Same—Requested Instructions.**

The requesting of a refused instruction contradictory to the law announced in the court's charge cannot take the place of the objection to the charge required by the statute to be made. It would be reversible error to give conflicting charges, and neither the error in the charge given and not objected to, nor that in refusing the correct one requested would be reviewable on appeal.   (P. 526).

Error to the Court of Civil Appeals for the Sixth District, in an appeal from Red River County.

Isbell and others appealed from a judgment for defendants in their suit against Lennox and others, and on its affirmance (224 S. W., 524) obtained writ of error.

*J. Q. Mahaffey, Kenney & Dalby,* and *T. T. Thompson,* for plaintiffs in error.

We contend that this statute casts no other or greater obligation upon a party called upon to inspect a charge prepared for delivery to a jury than to make *objections* to such parts of the charge as in his opinion do not correctly declare the law. To say that a party is not only required to *object* to the giving of a particular portion of a proposed charge, but is required to state and make a matter of record the *reasons* for his objections, is to read into the article under consideration provisions that are

not contained therein. The meaning of the word "objection" has a well defined and generally understood meaning.

If we assume, as seems to be the opinion of Judge Willson, that Special Charges Nos. 2 and 3 correctly presented the law applicable, confessedly, to a vital issue, and in fact the only vital issue in the cause, then was it error for the Court of Civil Appeals to overrule assignments of error complaining of their refusal on the ground that they conflicted with the portions of the court's main charge, to which the plaintiffs in error were in the attitude of not having objected to?

Assuming that the purpose of Art. 1971, as declared by Judge Phillips in Walker v. Haley, 214 S. W., 295, "is in a word to secure as far as possible the preparation and submission of a correct charge to the jury," it is submitted that it is hard to conceive what more could have been done by the attorneys for the plaintiffs in error than was done by them to affect this laudable purpose. They not only precisely pointed out the portions of the general charge to which they objected, but prepared, submitted and requested the court to give charges correctly declaring and applying the law to the same issue.

*A. P. Park* and *Lennox & Lennox,* for defendants in error.

MR. JUSTICE PIERSON delivered the opinion of the court.

The nature of the case is sufficiently disclosed by the following brief statement of the case by the Honorable Court of Civil Appeals:

"This was a suit by appellants against appellees for damages they claimed they had suffered as a result, they charged, of the act of appellees in so diverting water from its natural course on their land as to cause same to flow upon and injure appellants' land. In their petition appellants alleged that the diversion was of surface water and of the waters of Boggy Creek, a tributary of Lankford Creek, by means of a dam and levee appellees constructed on their land to a point thereon near land adjoining it on the south which belonged to appellants. In their answer appellees admitted they constructed a dam across a prong of Boggy Creek on their land, but denied that the effect of same and of the ditch they dug and levee they constructed was to divert the waters of said creek and water falling on their land so as to cause same to overflow appellants' land different from the way it had always overflowed same. Appellees alleged that

appellants' land was the natural way for water falling on their (appellees') land and the overflow waters of Lankford, Boggy and Pickett Creeks to escape.

"At the trial appellants adduced testimony tending to support the allegations in their petition, and appellees adduced testimony tending to support the allegations in their answer.

"The appeal is from a judgment in appellees' favor in conformity to the verdict of a jury."

The opinion of the Court of Civil Appeals may be found in 224 S. W., 524.

The Court of Civil Appeals refused to consider the assignments of error of the plaintiffs in error, holding: First, that plaintiffs in error had not complied with Art. 1971, R. S., 1911, being Art. 2185, R. S., 1925, in their objections to the court's main charge, and that same stands as if not objected to at all, and any errors therein could not be considered on appeal; second, that "a party who has not objected to the main charge to the jury has no right to complain of the refusal of the court to give a requested special charge inconsistent with or contradictory of the main charge."

The holding of the Court of Civil Appeals on the first point is in line, we think, with the holdings of all the decisions; the holding on the second point is in line with the City of Fort Worth v. Ashley, 197 S. W., 307; Fort Worth & D. C. Ry. Co. v. Miller, 201 S. W., 1049; Graves v. Haynes, 214 S. W., 665; Hendrick v. Blount-Decker Lbr. Co. et al., 200 S. W., 171; but in conflict with Rabinowitz v. Smith County, 190 S. W., 197; C. & S. Ry. Co. v. Rowe, 224 S. W., 936, and Barnett v. Perrine, 250 S. W., 1111.

The plaintiffs in error objected to the court's charge in the following language:

"The plaintiffs excepts and objects to the court giving in . charge to the jury, the following portions of the charge, to-wit:" Then followed a paragraph of the court's charge. Another paragraph of the court's charge was objected to in the same way and in the same language.

The Court of Civil Appeals correctly held that the so-called objection was not a compliance with the requirements of Art. 1971, R. S., 1911 (Art. 2185, R. S., 1925), and amounted to no objection at all. 224 S. W., 524. Said article in part reads as follows:

"The charge shall be in writing and signed by the judge; after the evidence has been concluded the charge shall be submitted to the respective parties or their attorneys for inspection and a

reasonable time given them in which to examine it and present objections thereto, which objections shall in every instance be presented to the court before the charge is read to the jury, and all objections not so made and presented shall be considered as waived."

This statute was designed to correct a very important handicap or evil in the trial of cases. Its purpose in requiring the parties or their attorneys to present to the court their objections to the charge clearly is that the party objecting must apprise the court of the error in his charge with a view to its correction.

The objection must point out to the court the error complained of. If it fails to do that, it does not meet the purpose and requirement of the statute, and is no objection at all.

The necessary and only construction that can be given to the language of the article is that it requires of a party more than a mere statement that he objects; it must point out the error. Any other construction would destroy its effect and make it meaningless. The gateway would be thrown open for the creeping in of the evils of the old practice when no objections were required, and the trial judge at his peril and under the pressure of his docket was required to prepare and give his charge without the benefit of the assistance of counsel in the case, who were especially prepared on the law of the case, and who were permitted to make use of any flaw or error that might thereafter suggest itself if the verdict went against him.

In the case of Gulf, T. & W. Ry. Co. v. Dickey, 108 Texas, 127, 187 S. W., 184, this court, through Chief Justice Phillips, said:

"The three articles, that is, amended Arts. 1970 and 1971, and unamended Art. 1972, in our opinion simply mean that in order to obtain a review of the general charge of the court on the appeal because of any error therein, an objection to the charge *in the particular complained of* must be presented to the trial judge before the charge is read to the jury." (Italics ours.)

Again, in Walker v. Haley, 110 Texas, 50, 214 S. W., 295, in discussing Art. 1971, R. S., 1911, Chief Justice Phillips said:

"It is the intention of a law which is the law; and once truly ascertained, it should prevail, even against the strict letter of the law.

"The purpose of the Act is plain. It is to provide the court, in advance, with the objections to which the charge is deemed subject, so as to afford opportunity for its correction in the particulars urged. It is, in a word, to secure, as far as possible, the preparation and submission of a correct charge to the jury."

The charge of the court in this case stood without objection,

and lack of objection, if not tantamount to an approval of the rules of law it contained as applicable to the facts of the case, was at least an acquiescence in their correctness and a consent that they be given to the jury for its guidance.

Plaintiffs in error insist, regardless of objection to the court's main charge, that on appeal they are entitled to have their two special charges considered, and the cause reversed and remanded for another trial on account of the refusal of the trial court to give them, if they present the correct rule of law applicable to the facts of the case.

The special charges offered conflicted with and contradicted the main charge, and gave a rule of liability for the jury to follow different from that contained and given in the court's main charge. If the court had given them, or either of them, it would have necessitated a new trial or a reversal of the judgment on appeal. Gulf, T. & W. Ry. Co. v. Dickey, 108 Texas, 127, 187 S. W., 184. The trial court properly refused them.

Where no errors are pointed out in the court's charge, the presumption is that it is correct. The inconsistency of a special charge with the court's charge might or might not be observed or become readily apparent, and to give a special charge which contradicts the court's charge would cause a mistrial of the case, or a reversal of the judgment. To reverse and remand a cause because the court refused a special charge which is inconsistent with the court's charge, which is not objected to, is to give the special charge the status or effect of an objection to the court's charge. Either course would relieve the party of his duty of making objection to the court's charge and of pointing out any errors he conceived to be therein. The statute would become a dead letter, and its wholesome purpose dissipated.

The special charges were in conflict with the court's charge, and under the holdings herein the Court of Civil Appeals properly declined to consider them.

The judgments of the District Court and the Court of Civil Appeals are affirmed.