## REED v. SCOGGINS et al.
### No. 1866.

Court of Civil Appeals of Texas. Eastland.

Dec. 23, 1938.

Rehearing Denied Jan. 13, 1939.

458

H. L. DeBusk, of Kilgore, for appellant.

Mayfield, Grisham & Grisham, of Tyler, Hill & Bath, of Henderson, Robt. F. Higgins, of Houston, W. C. Strong, of Henderson, and Verne Maxwell, of Dallas, for appellees.

FUNDERBURK, Justice.

Appellant makes no statement of the nature and result of the suit. From appellees' brief and the record we condense the following statement.

Isaac Reed was plaintiff below. His Fourth Amended Original Pleading was his trial pleading. The defendants were J. H. Scoggins and his son Ben Scoggins, together with Republic Production Company, American Liberty Pipe Line Company, and Humble Oil & Refining Company, the latter three, each a corporation, domiciled in this State. The first part of plaintiff's petition is in form a statutory action of trespass to try title to a tract of land in Rusk County described as 175 yards by 175 yards in the shape of a square out of the Northwest corner of the W. W. Simms Survey, Rusk County, Texas. Damages were alleged in the sum of $220,000 and the rental value of the premises alleged at $50,000.

Following the above it was alleged that on or about January 1, 1880, the land was owned by D. C. McGilvray, Jr., or in the alternative by D. C. McGilvray, Sr. That plaintiff's father by mistake buried members of his family on the land in suit and to avoid moving the bodies, plaintiff bought from D. C. McGilvray, Jr., or in the alternative D. C. McGilvray, Sr., through D. C. McGilvray, Jr., as his agent, said tract of land; that plaintiff paid $20 in gold "and D. C. McGilvray accepted the money, as shown by a receipt given plaintiff by Dan McGilvray in words and figures as follows: 'This is to sertfy that I sold to Ike Reed 175 by 175 yards squar of land in whitch he had fokes buried on for $20.00 in hand, twenty dollars in gold on the second day of February 1881 in the presence of three witnesses. My name is D. C. McGilvray. Promise him a deed.'"

It was alleged that the above was a conveyance but that whether so or not, plaintiff paid the agreed purchase price, immediately went into possession, made valuable improvements thereon, placed a substantial rail fence around the land improved, and worked the graves then on the land, declared it the burial place of friends and relatives and named it Reed Cemetery. It was alleged that "Thereafter many burials were had there, and the tract was maintained for over 3, 5, 10 and 25 years as a graveyard * * *." It was further alleged, on information and belief, that a deed to said land was executed and duly registered, but the records had been destroyed and the original misplaced and could not be found. By reason of the foregoing it was alleged that plaintiff became the owner of the land, taking possession from D. C. McGilvray Jr. and/or D. C. McGilvray, Sr., and that he "set same apart and dedicated it as a grave-

yard. * * * He and all those under whom he claims made permanent and valuable improvements, and the lands were worked and improved as a cemetery and many burials were had thereon. The fee was vested in the plaintiff burdened only with the easement for a burying ground, which burden the plaintiff voluntarily placed upon said lands." The burial of plaintiff's relatives and others is then alleged and further: "The very nature of the improvements gave them a peculiar value to the plaintiff, and the very nature of the trespasses of defendants * * * in taking and appropriating a graveyard for commercial purposes amount to a willful and malicious hurt to this plaintiff. In the alternative, if for any reason the plaintiff should not recover title and possession of the lands and premises and the damages thereto, then he should recover of and from the defendants the reasonable value of the improvements made in reliance upon his title and acquiesced in by his grantors and any of their relatives."

The facts of the 3, 5, 10 and 25 years statutes of limitation are pleaded, Vernon's Ann.Civ.St. arts. 5507, 5509, 5510, 5519, based apparently upon the possession and use of the property as a public graveyard. There is an amplification of the claim of $220,000 for damages, showing the production of oil from said land. It is not believed that a further or more detailed statement of the pleadings is necessary.

The trial was by jury, who, in response to special issues by their verdict, found that Isaac Reed did not on about the year 1881 purchase from D. C. McGilvray a plot or block of land in Rusk County in and near the Northwest corner of the W. W. Simms Survey, in or near the Northwest corner of the 10.7 acre Scoggins tract, paying therefor $20.00 as a consideration. That the plot or block of land in or near the Northwest corner of the Simms Survey in Rusk County in or near the Northwest corner of the 10.7 acre Scoggins tract of land about the year 1881 was dedicated and set apart as a public cemetery and the bodies of dead persons interred therein. That relatives of Isaac Reed, the plaintiff, were interred in said plot or block of land. Special issue No. 6 was as follows: "Plat No. 1, introduced in evidence, purports to represent a plot or block of land 175 yards square; plat No. 2, introduced in evidence, purports to represent a plot or block of land about 60 feet square; Find from a preponderance of the evidence in this case which one, if either of these two plats, represents the true and correct area of the plot or block of land as originally dedicated as a public cemetery, if the same was so dedicated." The answer was: "Plat No. 2." In answer to other issues it was found that the graves of relatives of plaintiff were not destroyed or desecrated by the defendants or their employees, that the premises on or through which the oil well was drilled and the pipe lines were constructed and the plowing and cultivating was done was not a cemetery. The agents, servants and employees of the defendants engaged in the drilling of said oil well and the construction of said pipe lines and the plowing and cultivating did not know that the premises in question on and through which the oil well was drilled and the pipe line was constructed and the plowing and cultivating was done was a cemetery. The agents, servants and employees of defendants in drilling the oil well, constructing the pipe lines and plowing and cultivating through the premises in question were acquitted of negligence. In answer to issues calling for findings of damages it was found there was no damages.

In accordance with such verdict the judgment was for defendants and it is from that judgment that the appeal is prosecuted.

There is no statement of facts accompanying the record. There are no assignments of error in appellant's brief, but only suggestions of fundamental error. These suggestions will be noticed in order.

■ The first is that special issue No. 1 submitted by the court and answered by the jury presents a fundamental error. This issue with the jury's answer is as follows: "Do you find from a preponderance of the evidence in this case that on or about the year 1881 the plaintiff, Isaac Reed, purchased from D. C. McGilvray a plot or block of land located in Rusk County, Texas, in or near the Northwest corner of the W. W. Simms Survey, about fifteen miles north of the town of Henderson, in or near the Northwest corner of the 10.7 acre Scoggins tract, paying therefor the sum of Twenty ($20.00) dollars as a consideration? Ans. No." The error complained of, as we understand the position of appellant, is that the court erred in refusing his requested special issue No. 1, reading as follows: "Did Isaac Reed pay for 175 yards by 175 yards in the shape of a square out of the Northwest corner of the W. W. Simms Survey, Rusk County, Texas, being the lands in controversy?" We regard the question of practice as settled that if the

court submits a special issue which is subject to objection either as to form or substance, error in submitting such issue cannot be reviewed upon an assignment of error complaining of the refusal of the court to give a requested correctly stated issue. Isbell v. Lennox, 116 Tex. 522, 295 S.W. 920; Harris v. Thornton's Dept. Store, Tex.Civ.App., 94 S.W.2d 849, 859. If such an error be not reviewable under an assignment of error, then much more certainly, we think, would it not be reviewable under a mere suggestion of fundamental error.

It is next suggested that the verdict of the jury in answer to said special issue No. 1 is not supported by the pleadings. It would appear from the foregoing statement that the issue whether correctly stated or not was at least not subject to the objection that it was not supported by the pleadings. Explanatory of this contention, it appears, however, that the real point is that the pleadings alleged the tract was purchased either from D. C. McGilvray, Jr., or from D. C. McGilvray, Sr., and the issue as submitted did not identify which. That would be an objection to the form of stating the issue and necessary to be supported by an objection specifically pointed out at the time. Same authorities as above. It would not be sufficient to raise the objection for the first time upon motion for new trial.

It is also contended that the issue was duplicitous and what has already been said applies with equal force to an objection of that kind.

It is next insisted that there is fundamental error apparent of record in the fact that the only pleading of a cemetery dedication by anybody was that pleaded by plaintiff to the effect that he dedicated 175 yards square and the judgment of the court sets aside a tract 60 feet square as a cemetery. We construe this to mean that while plaintiff insisted that a plot 175 yards square was dedicated the actual evidence supported only a finding that a plot 60 feet square was dedicated and as to that land there had been no desecration of graves or other acts injurious to plaintiff, either as the owner of the land, or as one interested in the public cemetery. These are the natural presumptions, we think, to be drawn from the record in the absence of any statement of facts.

It is next insisted that the jury's answer to special issue No. 1 shows to have been considered a determination against plaintiff of the ownership of the tract pleaded by him in trespass to try title, or at any rate, that the answer does not determine ownership against plaintiff, in view of his pleas of limitation, possession and valuable improvements. Alternative to this, it is insisted that it is in conflict with the answers to special issues 4 and 5. The verdict of the jury is a very certain finding against plaintiff as to the title pleaded as being acquired from the McGilvrays; and if the evidence raised issues of limitation it was necessary that the appellant request their submission and if he desired a review of such action to present assignments of error complaining of the refusal of the court to give such issues upon request. No fundamental error would be involved.

The contention that there was no pleading of a dedication of a lot 60 feet square is not supported in any material sense by the record. The defendants pleaded that the portion of the land upon which there were graves was a tract 60 feet square which, upon discovering a tombstone thereon, had been fenced off and protected. That was sufficient to authorize the court, the evidence justifying it, which we must presume it did, to adjudge that said plot of ground constituted the cemetery under the dedication pleaded by the plaintiff.

The sixth suggestion is to the effect that special issue No. 11 tended to make more confusing and uncertain the verdict of the jury as a whole and presents conflict. We are not able to follow the argument upon this point, but we feel very certain that it cannot be said that the jury's verdict upon special issue No. 11 is in necessary conflict with the verdict upon any other issue. The submission of an issue of negligence would ordinarily be a futile thing without the submission of an issue of proximate cause. That would be true in every case, except the comparatively few in which proximate cause was conclusively shown by the undisputed evidence. The jury's answer to special issue No. 11 was the finding against appellant upon the issue of proximate cause, immediately following the answer to the preceding special issue which was a finding against appellant as to negligence. The issue of proximate cause was so stated that the finding called for was conditioned upon the jury having found that there was negligence. This part of the verdict, therefore, simply means that if there was any negligence, which they found

there was not, then it was not the proximate cause of the damages.

Being of the opinion that no fundamental error as suggested has been shown, and for that reason the judgment should be affirmed, it is accordingly so ordered.