**DRESSEN et al. v. CITIZENS STATE BANK.**

No. 9135.

Court of Civil Appeals of Texas. Austin.

Sept. 30, 1942.

Rehearing Denied Oct. 21, 1942.

Audley Harris, of Austin, for appellant.

T. C. Johnson, Jr., of San Marcos, for appellee.

McCLENDON, Chief Justice.

Suit by the bank (Citizens State Bank) against Dressen upon a promissory note and against Dressen and wife to foreclose a vendor's lien securing it. The land covered by the lien being part of the rural homestead of Dressen and wife, and the sale by them being fictitious, they sought to defeat the lien on that ground. The bank plead estoppel on the part of Dressen and wife to assert the fictitious character of the sale, and the case was submitted to the jury upon three special issues relating only to the plea of estoppel. Upon jury answers to these issues favorable to the bank, judgment was rendered against Dressen for the amount of the note and against him and wife foreclosing the vendor's lien. Dressen and wife have appealed.

There were no objections to the special issues, and the only grounds for reversal presented by the appeal are alleged error in refusing four special issues requested by the Dressens. The following statement will suffice to a clear understanding of the questions thus presented:

In November, 1925, the Dressens conveyed the land in suit to Anton, reserving a vendor's lien to secure a note of Anton given as part of the purchase money. December 4, 1925, the note was assigned to Krueger. In November, 1926, Anton and wife reconveyed the land to Dressen. The note and lien were renewed by the Dressens in 1927 and again in 1929.

Thereafter Krueger assigned the note to Robertson, from whom it was acquired by the bank in 1937, the negotiations being conducted for it by its president Wallace. Before the bank purchased the note the Dressens each made affidavit to the bona fide character of the deed to Anton. These affidavits constituted the basis of the asserted estoppel.

The jury findings to the three submitted special issues were in substance that:

1. At the time the bank purchased the note Wallace did not know or have notice that the sale to Anton "was a simulated or pretended sale."

2. Before the bank bought the note defendants represented to Wallace that the sale to Anton "was a bona fide sale."

3. At the time the bank purchased the note "Wallace believed and relied on the representations so made to him by defendants."

The four requested (but refused) issues, numbered 9, 10, 11 and 12, read:

"9. Do you find from a preponderance of the evidence that at the time of the purchase by the plaintiff of the $5800.00 note the defendant Martha Dressen represented to Charles Wallace that the transfer of the land in question by defendants to Reinhardt Anton was not a pretended sale of such land?"

"10. Do you find from a preponderance of the evidence that such representation, if any, induced plaintiff to purchase the $5800.00 note?"

"11. Do you find from a preponderance of the evidence that plaintiff relied on such representation, if any, in purchasing said $5800.00 note."

"12. Do you find from a preponderance of the evidence, that Charles Wallace knew that such representation, if any, was false?"

The case was tried prior to the effective date of Texas Rules of Civil Procedure. Consequently these Rules have no application to the case.

It will be observed that each of the tendered issues is predicated upon representations of Mrs. Dressen alone; whereas the representations of both Dressens are joined in special issues 3 and 4. Since the representations of the husband (unless authorized) are not effective as an estoppel of the wife in relation to her estate in the homestead property (a proposition so well established as to require no citation of authority), it is contended that appellants were entitled to have the tendered issues submitted as constituting issues separate and distinct from the representations of Dressen. The effect of this contention is that special issues 2 and 3 are multifarious in that they combine the representations of both husband and wife in single issues, each of which representations constituted a separate ultimate issue of fact essential to a proper adjudication of the issue of estoppel. This contention may be conceded as correct, provided the question were appropriately raised. But there was no objection to issues 2 and 3, consequently the issue of multifariousness can not be urged on appeal; and since issues as to Mrs. Dressen's representations were submitted in issues 3 and 4—though joined therein with the representations of her husband—appellants were not entitled to have Mrs. Dressen's representations separately submitted, because that would have constituted, to that extent, a mere reiteration or duplication of issues, and this would be true, even though the issue of Mrs. Dressen's representations, as submitted in issues 2 and 3, were imperfectly or erroneously framed, as to which, however, there is no contention. Isbell v. Lennox, 116 Tex. 522, 295 S.W. 920. See, also, Speer on Special Issues, § 265, and 1939 Sup., §§ 265 and 265a.

Requested issues 10, inquiring whether Mrs. Dressen's representation "induced plaintiff to purchase" the note, and 11 inquiring whether plaintiff "relied" upon such representation in purchasing the note, are both embraced in special issue 3, inquiring whether Wallace "believed and relied on the representations so made to him by defendants." Requested issue 12, inquiring whether Wallace "knew" that Mrs. Dressen's representation "was false," was clearly embraced in special issue 1, inquiring whether Wallace "knew or had notice" that the sale by defendants to Anton "was a simulated or pretended sale." For the reasons already stated appellants were not entitled to have any of these tendered issues submitted, absent objection to the special issues that were submitted.

The trial court's judgment is affirmed.

Affirmed.