64

**DRESSEN et ux. v. CITIZENS STATE BANK et al.**

**No. 9646.**

Court of Civil Appeals of Texas. Austin.

Oct. 2, 1947.

Rehearing Denied Oct. 22, 1947.

Ayres K. Ross, of Austin, for appellants.

Tom C. Johnson, Jr., of San Marcos, for appellee.

HUGHES, Justice.

On August 21, 1940, in cause No. 5271, the Citizens State Bank of Kyle, Texas, sued Paul Dressen and wife, Martha Dressen, in the District Court of Hays County, upon a promissory note executed by defendants in the sum of $3,295, and for foreclosure of a vendor's and deed of trust lien, securing the payment of such note, upon 100 acres of land out of the John Stewart League No. 1 in Hays County.

Defendants answered this suit by alleging that the land upon which foreclosure was sought was and had been, at all material times, used and occupied as their homestead, and that the deeds and liens, giving the semblance of validity to the transac-tions, were simulated and fictitious, of which fact plaintiff was fully aware, and hence the liens were void. By way of cross-action they sued for cancellation of the various deeds and liens as clouds upon their title, and for the recovery of the land.

The Bank, by supplemental petition, denied knowledge of the invalidity of the various transactions out of which the note and liens held by it arose, and pleaded that defendants were estopped to deny the validity of such note and liens, such plea being based upon verbal and written statements of defendants that the note and liens were valid, which statements were made prior to the purchase of such note by the Bank, and upon which it relied.

The issues thus raised were submitted to a jury and upon favorable answers judgment was rendered for the Bank establishing the debt and foreclosing the vendor's lien. On appeal to this court the judgment of the trial court was affirmed. Dressen v. Citizens State Bank, Tex.Civ.App., 165 S. W.2d 120 (Writ of Error Ref. W.O.M.).

The present suit was filed by appellants, Paul Dressen and wife, Martha Dressen, against the Citizens State Bank of Kyle and Antonio Barrata, appellees. The land here involved is the same land against which the Bank established a vendor's lien in cause No. 5271. The note and liens are the same. Appellants again allege this land to be their homestead and that the transactions out of which the Bank's liens arose were fictitious and fraudulent, and that such liens are null and void. As new matter appellants allege that the Bank's deed of trust is void because it was not properly acknowledged and that the two affidavits made by appellants reciting the validity of the note and liens, upon which the Bank primarily sustained its plea of estoppel in the former suit, were void for the same reason, and they pray for recovery of the land. Barrata is made a party since he acquired the land in suit subsequent to the foreclosure sale decreed in cause No. 5271.

Appellees pleaded all of the proceedings in cause No. 5271, including the judgment of affirmance by this court, in bar as being res adjudicata of the issues here presented. The trial court sustained this plea and dis-

missed the suit; from which judgment this appeal is taken.

Appellants contend that the issues raised in the present suit were not determined in the prior suit and hence the plea of res adjudicata was improperly sustained. No authorities to support this view are cited.

The deed of trust, which appellants attack, was merely cumulative of the vendor's lien, and its validity or invalidity is of no consequence, for even if set aside the vendor's lien would remain.

That the two affidavits may have been improperly acknowledged is also immaterial. They need not have been acknowledged at all, or even sworn to, in order to form the basis of an estoppel. Furthermore, these same affidavits were introduced in the former suit and if appellants had any objections to their use they should have been made upon that trial.

No excuse is offered by appellants for not urging in the first trial all matters that are here presented.

In our opinion the trial court was correct in sustaining appellees' plea of res adjudicata. The subject matter of these two suits is the same. No issue is now raised that could not have been presented in the first trial. All new facts pleaded are conclusively shown to have been within the knowledge of appellants at the time of the former trial. To permit this suit to be maintained would be to hold that litigation is interminable.

A multitude of authorities could be cited to support our holding, but we find appropriate and sufficient the language of this court in Davis v. Biggs, Tex.Civ.App., 182 S.W.2d 1017, 1019 (Writ Ref.):

" * * * that a judgment 'is not only final as to the matter actually determined, but as to every other matter which the parties might litigate in the cause, and which they might have had decided.' See also 26 Tex.Jur., § 418, p. 135. Obviously, the plaintiffs in this suit could, by the exercise of due diligence, have brought forward in their first suit and had there specifically adjudicated, the same issues presented in the instant suit. They all relate to and are dependent upon the same instrument and the same or substantially the same facts and circumstances, specifically before the court in the former suit and there adjudicated."

The judgment of the trial court is affirmed.

Affirmed.